834 A.2d 1024

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT AND CROSS–RESPONDENT, v. MICHAEL J. NATALE, DE-FENDANT–RESPONDENT ND CROSS–APPELLANT.

Argued September 9, 2003—Decided November 20, 2003.

*Teresa M. Garvey,* Assistant Prosecutor, argued the cause for appellant and cross-respondent (*Vincent P. Sarubbi,* Camden County Prosecutor, attorney).

*Edward J. Crisonino,* argued the cause for respondent and cross-appellant.

*Jeanne Screen,* Deputy Attorney General, argued the cause for *amicus curiae* Attorney General of New Jersey (*Peter C. Harvey,* Attorney General, attorney).

*Steven G. Sanders,* argued the cause for *amici curiae* Association of Criminal Defense Lawyers of New Jersey and The American Civil Liberties Union of New Jersey (*Arseneault & Fassett* and *Edward L. Barocas,* Legal Director, The American Civil Liberties Union of New Jersey, attorneys; *Mr. Sanders, Mr. Barocas* and *J.C. Salyer,* of counsel and on the briefs).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in Judge Conley's opinion in the Appellate Division, reported at 348 *N.J.Super.* 625, 792 *A.*2d 565 (2002). We add only these brief comments.

■ On remand, the State may elect not to proceed to a trial on a NERA predicate in which case the trial court must resentence defendant without application of NERA. In the event that the State seeks to have the court impose a NERA sentence, the court shall try the NERA issue to a jury and the jury shall determine, applying the beyond-a-reasonable-doubt standard, whether defendant attempted to cause serious bodily injury or whether defendant caused serious bodily injury upon the victim during the commission of second-degree aggravated assault.

■ If the State seeks to prove the NERA predicate of the use or the threat of the immediate use of a deadly weapon, the trial court must draft the jury charges to limit the jury's determination to whether a deadly weapon was used in the course of committing a second-degree aggravated assault.

■ The trial court should provide the jury with the following special instructions before opening statements.

In most criminal trials, the same jury will address whether the State has proven each of the elements of the charges beyond a reasonable doubt, and, when certain elements are required to be found before a particular sentence may be imposed, the jury must decide whether those elements are proven. However, in some cases, such as this one, the jury need only consider whether certain elements are proven by the State beyond a reasonable doubt so that the appropriate sentence may be considered by the judge.

Here, a prior jury has determined defendant's guilt of third-degree aggravated assault under *N.J.S.A.* 2C:12–1b(2) (causing or attempting to cause bodily injury with a deadly weapon), and second-degree aggravated assault under *N.J.S.A.* 2C:12–1b(1)(attempt to cause serious bodily injury or causes such injury). That prior jury was not asked to decide, with respect to the second-degree offense, whether defendant actually caused serious bodily injury or attempted to cause such injury and/or whether defendant used or threatened the immediate use of a deadly weapon in committing the second-degree aggravated assault offense. The purpose of this trial is for you to decide those questions. That is, you must consider all of the evidence presented in this trial, without regard to the prior verdict, and determine whether or not there is proof beyond a reasonable doubt that defendant caused serious bodily injury in committing a second-degree aggravated assault, and/or whether defendant used or threatened the immediate use of a deadly weapon in the course of committing a second-degree aggravated assault.

The court will elaborate on these preliminary charges at the conclusion of the trial and will provide separate interrogatories for your use in deciding these questions.

*For affirming*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE—6.

*Opposed*—None.