861 A.2d 148 (2004)
373 N.J. Super. 226
STATE of New Jersey, Plaintiff-Respondent,
v.
Michael J. NATALE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 2004.
Decided November 17, 2004.
*149 Edward J. Crisonino, Cherry Hill, argued the cause for appellant.
Jeanne Screen, Deputy Attorney General, argued the cause for respondent State of New Jersey (Peter C. Harvey, Attorney General, attorney; Ms. Screen, of counsel and on the brief). Linda Mehling, Assistant Deputy Public Defender, and Steven G. Sanders argued the cause for amici curiae Office of the Public Defender and Association of Criminal Defense Lawyers of New Jersey (Yvonne Smith Segars, Public Defender, and Arsenault Fassett & Mariano, attorneys); Mr. Sanders, Ms. Mehling and Marcia Blum, Assistant Deputy Public Defender, of counsel and on the joint brief.
Before Judges STERN, COBURN and WECKER.
The opinion of the court was delivered by
STERN, P.J.A.D.
On remand from the Supreme Court, and after the State declined to try defendant on the No Early Release Act (NERA) predicates for second-degree aggravated assault, defendant was sentenced for second-degree aggravated assault to a nine-year term with four and one-half years to be served before parole eligibility.[1] He also received concurrent five-year sentences for third-degree terroristic threats and third-degree criminal restraint, to be served consecutively to the sentence for aggravated assault. The aggregate sentence *150 therefore is fourteen years with four and one-half years to be served before parole eligibility.
Defendant appeals and argues that the sentence is unconstitutional under Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Specifically, he contends that "the sentence imposed on the defendant is unconstitutional in that it exceeds the maximum sentence authorized by the jury's verdict."[2]

I.
The background relating to the trial is fully set out in State v. Natale, 348 N.J.Super. 625, 792 A.2d 565 (App.Div.2002), aff'd o.b., and remanded, 178 N.J. 51, 834 A.2d 1024 (2003). In its opinion, the Supreme Court ordered that on remand the State could elect to try the NERA predicates to a jury or have defendant resentenced without imposition of the NERA ineligibility term. See Natale, supra, 178 N.J. at 54, 834 A.2d 1024. On the remand, the State elected not to try the NERA issue, and the trial judge imposed a new sentence without the NERA component. The trial judge concluded that the aggravating factors embodied in N.J.S.A. 2C:44-1a(1) and (2) applied because of the length and duration of the beating and its impact on the victim. The judge also concluded that the aggravating factors under N.J.S.A. 2C:44-1a (3) and (9) were applicable because similar beatings occurred in the past. The judge additionally determined that the mitigating factor N.J.S.A. 2C:44-1b(7) applied because the defendant had no criminal record, although in the context of finding the aggravating factors the judge concluded, as already stated, that there had been prior beatings. The reasons for the sentence were comprehensively embodied in the judgment of conviction, as follows:
With this indictable conviction, the Court does find aggravating factors:
(1) The nature and circumstances of the offense and the role of the actor therein, including whether or not the crime was committed in an especially heinous, cruel, or depraved manner.
The nature and circumstances of the offense and whether it was committed in an especially heinous, cruel, or depraved manner clearly applies in this case and this factor is weighed heavily.
The Court agrees with the State's characterization of the defendant's conduct:
The assault in the present case was both brutal and prolonged, and evidenced a grim determination on the part of the defendant to inflict maximum damage to the victim by any available means. The assault continued for almost an hour. During that time the defendant punched, choked, and kicked the victim, who was desperately pleading for him to stop. He dragged her by her hair, smashed her head repeatedly into walls, onto the ground, into a wooden pillar. He struck her in the head with any heavy object at hand and repeatedly slammed a door closed on her head.
The relentlessness and brutality of the attack is most clearly demonstrated by defendant's determination to pursue the victim and continue the beating even as she sought refuge in the apartment of her neighbor Gary Smith, who unsuccessfully attempted to persuade defendant to let the victim *151 go. Moreover, in addition to the physical damage defendant inflicted, he terrorized the victim and humiliated her by ripping off her clothing during the assault leaving her half naked in the bitter cold.
To continue to assault the victim even after a neighbor tried to intervene shows the purposeful nature of the defendant's conduct and his unrelenting determination to injure and humiliate his victim. For him to have continued the beating even after a neighbor knocked on the door shows that the offense was cruel and depraved, as does the severity and duration. This factor is weighed very heavily.
(2) The gravity and seriousness of harm inflicted on the victim including whether or not the Defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, disability,[3] ill-health or extreme youth or was, for any other reason, substantially incapable of exercising normal physical or mental power of resistance.
For the defendant to have been found guilty of 2[nd degree] Aggravated Assault, the jury would only have to have found that he attempted to cause a serious bodily injury. In this case, the defendant pulled out clumps of her hair, and bashed her in the head so many times with various heavy objects that she continues to experience memory deficits. In addition, she suffered loosened teeth for which she continues to require dental treatment. An attempt to inflict even a single serious injury is sufficient for a conviction. In this case, however, the defendant caused two different injuries which can constitute "a protracted loss or impairment of the function of any bodily member or organ." Whenever a defendant inflicts additional injuries above and beyond those which are minimally sufficient to constitute the crime, any additional injuries are an aggravating factor[,] State v. Mara, 253 N.J.Super. 204, 214, 601 A.2d 718 (App.Div.1992).
This factor is given slight to moderate weight.
(3) The risk that the Defendant will commit another crime.
Although this is the defendant's first conviction, the victim testified at a Rule 104A hearing outside the presence of the jury and she testified before the jury that the present assault was merely the most serious act of violence in a relationship that was characterized by regular beatings and constant threats. It is not necessary to relate here the various details to which Gina Marie Lerro testified, but it is sufficient to note that the defendant is a person who committed other acts of violence even though he was not charged with them. Accordingly, aggravating factor 3 applies and is weighed heavily.
(9) The need for deterring the Defendant and others from violating the law.
Clearly there is a substantial need to deter others, and this defendant in particular, from acts of violence such as this. This defendant must be deterred, in the strongest possible terms, from committing further violations of the law. This was a brutal beating, and the need for deterrence is weighed very heavily.
The Court finds mitigating factors:
(7) The Defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a *152 substantial period of time before the commission of the present offense.
The defendant is 36 years old and has no prior convictions. This factor is weighed fairly heavily.
The presumption of incarceration applies. It has not been overcome.
Therefore, at this time, in weighing those aggravating and mitigating factors on a qualitative as well as quantitative basis, the Court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors.

II.
Against this background, we examine the constitutional challenge raised by the defendant.
Ralph Howard Blakely pled guilty to the offense of second-degree kidnapping, a Class B felony, which carried a maximum sentence of ten years imprisonment pursuant to the Washington statute governing sentencing. Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2534-35, 159 L.Ed.2d at 410. Washington, however, adopted a second statute, the Sentencing Reform Act, which authorized sentencing guidelines to structure the exercise of judicial discretion within the statutory range. Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2535, 159 L.Ed.2d at 411.
By virtue of the offense and Blakely's admitted use of a firearm in the commission of the crime, the guidelines set forth a "standard range" sentence of between forty-nine and fifty-three months in prison. Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2534-35, 159 L.Ed.2d at 410-11. However, under Washington law, the trial judge was permitted to increase the sentence, subject to the ten-year statutory maximum, based on a finding of "substantial and compelling reasons justifying an exceptional sentence." Ibid. The departure had to be based on a list of "aggravating factors," which were stated to be "illustrative rather than exhaustive," and which could be "`considered only if it takes into account factors other than those which are used in computing the standard range sentence for the offense'" Ibid. (quoting State v. Gore, 143 Wash.2d 288, 21 P.3d 262, 277 (2001)).
Based on the trial judge's finding, Blakely received an upward departure from the sentencing guidelines because he was found to act with "deliberate cruelty" during the commission of the second-degree kidnapping in a "domestic violence" case. Blakely, supra, 524 U.S. at ___, 124 S.Ct. at 2535, 2537, 159 L.Ed.2d at 411, 413. In light of his finding, the trial judge imposed "an exceptional sentence of 90 months  37 months beyond the standard maximum" of the guideline range, but within the ten-year maximum sentence authorized by law. Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2535, 159 L.Ed.2d at 411.
The Court of Appeals of Washington affirmed the conviction and sentence, and rejected defendant's argument that the sentence was unconstitutionally imposed under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See State v. Blakely, 111 Wash.App. 851, 47 P.3d 149, 157-59 (2002), review denied, 148 Wash.2d 1010, 62 P.3d 889 (2003), rev'd sub nom. Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, reh. denied, ___ U.S. ___, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004).
The United States Supreme Court reversed because the standard guideline sentence under Washington law, forty-nine to fifty-three months, established the "statutory maximum" for Apprendi purposes, although it was below the ten-year statutory maximum for the Class B felony kidnapping offense. The Court reaffirmed *153 Apprendi's holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt." Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2536, 159 L.Ed.2d at 412 (quoting Apprendi, supra, 530 U.S. at 490, 120 S.Ct. at 2362-2363, 147 L.Ed.2d at 455). Writing for the majority in Blakely, Justice Scalia had this to say:
In this case, petitioner was sentenced to more than three years above the 53-month statutory maximum of the standard range because he had acted with `deliberate cruelty.' ... The State nevertheless contends that there was no Apprendi violation because the relevant `statutory maximum' is not 53 months but the 10-year maximum for class B felonies in § 9A.20.021(1)(b).... Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. ... In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment.'
[Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2537, 159 L.Ed.2d at 413-14.]
The Court also indicated "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment." Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2543, 159 L.Ed.2d at 420 (citing Apprendi, supra, 530 U.S. at 466, 120 S.Ct. at 2348, 147 L.Ed.2d at 435.)
Defendant contends that, because N.J.S.A. 2C:44-1f(1) creates presumptive sentences which cannot be increased unless the "court" finds the existence of one or more aggravating factors embodied in N.J.S.A. 2C:44-1a, and that such factor or factors outweigh the mitigating factors, the sentence above the presumptive term embodied in N.J.S.A. 2C:43-6(a) cannot be constitutionally imposed because those factors have not been found by the jury. Stated differently, defendant contends that under the New Jersey sentencing scheme the "facts reflected in the jury verdict" permit only the imposition of a presumptive sentence, because the aggravating factors embodied in N.J.S.A. 2C:44-1a are not relevant to the elements of the offense or to the defendant's guilt. Hence, defendant asserts that the presumptive sentence is the "statutory maximum" for constitutional purposes and, therefore, that in this case the presumptive sentence of seven years for the second-degree aggravated assault could not be increased. At oral argument we also allowed defendant to raise a challenge under Blakely to the other sentences imposed.
We recognize that Washington's statutory complex is different than the New Jersey statute. Washington's Reform Act provides guidelines based on offender and offense-based factors embodied in a statute separate from the one which provides a ten-year maximum for the Class B felony. Based on the former, the defendant has a reasonable expectation that the sentence shall be in the range created by the guidelines, see Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2540, 159 L.Ed.2d at 417, and an "exceptional" sentence is imposed when the judge imposes a higher sentence based on additional fact-finding. 542 U.S. at ___, 124 S.Ct. at 2535, 159 L.Ed.2d at 411.
*154 On the other hand, our statute creates a "presumptive sentence" in an offense-based sentencing structure in which aggravating and mitigating factors are used to increase or decrease the presumptive term within the only sentence range created by statute for the offense. State v. Hodge, 95 N.J. 369, 377, 471 A.2d 389 (1984) (stating "sentence imposed must reflect the Legislature's intention to focus on the degree of the crime itself as opposed to other factors personal to the defendant"); see also State v. Yarbough, 100 N.J. 627, 630, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986) (stating "the Code's paramount sentencing goals [are] that punishment fit the crime, not the criminal, and that there be a predictable degree of uniformity in sentencing").[4] Accordingly, we agree with the State that the statutes are very different. However, the statutory wording and nomenclature do not control, and the question is whether there is a material difference for constitutional purposes.
There is no doubt that the New Jersey Code of Criminal Justice permits only the presumptive sentence embodied in N.J.S.A. 2C:44-1f(1) to be imposed based on the jury's verdict. The presumptive sentence embodied in that section "shall" be imposed unless the sentencing judge finds that an aggravating or mitigating factor or factors exist and weigh "in favor of a higher or lower term within the limits provided in N.J.S.A. 2C:43-6." Therefore, the presumptive sentence, on its face, "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict." Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2537, 159 L.Ed.2d at 414. Stated differently, in the words of Blakely, the "presumptive sentence" is "the maximum [the judge] may impose without [making] any additional findings" not made by the jury. Ibid. "[T]he jury's verdict alone does not authorize the [enhanced] sentence" above the presumptive. Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2538, 159 L.Ed.2d at 414 (alterations in original).
Accordingly, we find N.J.S.A. 2C:44-1f(1) unconstitutional to the extent that it permits the trial judge to increase the presumptive sentence in the absence of jury fact-finding, based on proof beyond a reasonable doubt, of the aggravating factors on a basis other than relating to a prior conviction. See, e.g., People v. Butler, 122 Cal.App.4th 910, 19 Cal.Rptr.3d 310, mod. on o.g., Oct. 13, 2004; People v. Lemus, 122 Cal.App.4th 614, 18 Cal.Rptr.3d 835 (2004); People v. George, 122 Cal.App.4th 419, 18 Cal.Rptr.3d 651 (2004) (court "shall" impose "middle term"); but see People v. Picado, 123 Cal.App.4th 1216, 20 Cal.Rptr.3d 647 (2004); People v. Wagener, 123 Cal.App.4th 424, 20 Cal.Rptr.3d 149 (2004). See also State v. Fell, 209 Ariz. 77, 97 P.3d 902 (Ct.App.2004); State v. Arciniega Martinez, ___ Ariz. ___, 100 P.3d 30 (Ct.App.2004); State ex rel. Smith v. Conn ex rel. County of Mohave, 209 Ariz. 195, 98 P.3d 881 (Ct.App.2004); Strong v. State, 817 N.E.2d 256 (Ind.Ct.App.2004); Krebs v. State, 816 N.E.2d 469 (Ind.Ct.App.2004); State v. Harris, 602 S.E.2d 697 (N.C.Ct.App.2004); State v. Allen, 601 S.E.2d 299 (N.C.Ct.App.2004). Of course, a defendant may provide such factual basis for an enhanced sentence in a guilty plea or negotiate a particular disposition based on the facts "admitted by defendant." Blakely, supra, 542 U.S. at ___, 124 S.Ct. at 2537, 159 L.Ed.2d at 413.

*155 III.
We remand to the Law Division to consider the appropriate remedy.[5] The State shall be given the opportunity to reconsider its pre-Blakely waiver of the right to present the NERA factors on the second-degree aggravated assault to a jury.[6] The State may also elect to try the relevant aggravating factors, previously found by the trial judge, to the jury on all convictions. If the State seeks the latter, the judge shall consider all issues raised concerning the need for a supplementary indictment before the aggravating factors are presented to the jury. See State v. Fortin, 178 N.J. 540, 632-50, 843 A.2d 974 (2004). We find no double jeopardy concern in these circumstances so long as the sentence is not increased. See State v. Natale, supra (remand for trial on NERA); State v. Rodriguez, 97 N.J. 263, 277, 478 A.2d 408 (1984). See also, e.g., State ex rel. Smith v. Conn, supra; State v. Harris, ___ Wash.App. ___, 99 P.3d 902 (2004).[7]
In the absence of such jury determination, the judge must resentence defendant subject to the presumptive sentence which is the "statutory maximum" for Apprendi/Blakely purposes. We are satisfied that the judge may impose a period of parole ineligibility, notwithstanding imposition of the presumptive term, if the judge is "clearly convinced that the aggravating factors substantially outweigh the mitigating factors." N.J.S.A. 2C:43-6b. That is because we must be concerned with the "real time" consequences of a sentence, State v. Johnson, 166 N.J. 523, 541, 766 A.2d 1126 (2001); State v. Mosley, 335 N.J.Super. 144, 157, 761 A.2d 130 (App.Div.2000), certif. denied, 167 N.J. 633, 772 A.2d 934 (2001); N.J.S.A. 2C:43-2e; 2C:44-1c(2); R. 3:21-4(j), and the sentence the Legislature intended to establish before Blakely was decided. However, unless NERA factors have been found by the jury, the ineligibility term must not exceed 50% of the specific term imposed. See N.J.S.A. 2C:43-6b. State v. Kruse, 105 N.J. 354, 521 A.2d 836 (1987), permits an ineligibility term to be imposed on a presumptive sentence when specific reasons warrant same, and we find no constitutional impediment to such fact-finding by the sentencing judge. See, e.g., Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); State v. Stanton, 176 N.J. 75, 820 A.2d 637 (2003), cert. denied, 540 U.S. 903, 124 S.Ct. 259, 157 L.Ed.2d 187 (2003) (authorizing judge fact-finding to sustain minimum sentence).[8]
We also decline to prohibit the imposition of consecutive sentences based on judicial *156 fact-finding. See State v. Abdullah, 372 N.J.Super. 252, 281, 858 A.2d 19 (App.Div.2004); see also People v. Picado, supra, 123 Cal.App.4th 1216, 20 Cal.Rptr.3d 647 (2004); People v. Vaughn, 122 Cal.App.4th 1363, 19 Cal.Rptr.3d 460 (2004); People v. Ochoa, 121 Cal.App.4th 1551, 18 Cal.Rptr.3d 365 (2004).

IV.
We stay our opinion in this case and direct that, until the Supreme Court considers the issue, the trial courts continue sentencing under New Jersey law as established before today because a defendant not sentenced consistent with our understanding of the mandate of the United States Supreme Court in Blakely can obtain relief on direct appeal and on petition to correct an "illegal sentence" by petition for post-conviction relief, see R. 3:22-2(c), if sentenced after the filing of our opinion. On the other hand, the State would have no remedy in terms of an appeal from sentences imposed consistent with this opinion. This is because the sentence would still fall within the range authorized by the Legislature and would be legal and, independently, not among the limited number of cases subject to appeal by the State pursuant to N.J.S.A. 2C:44-1f(2), relating to the downgrading or imposition of a non-custodial or probationary sentence for a first or second-degree crime. Moreover, without a stay authorized by the Rules of Court, see R. 2:9-3(d); 2:9-10; 3:21-4(i), there would be a double jeopardy problem caused by the partial execution of defendant's sentence. See State v. Ryan, 86 N.J. 1, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981).
Our stay is conditioned upon the filing of a notice of appeal or petition for certification by the State within ten days of the filing of this opinion. This stay shall be automatically vacated if the State fails to act in a timely fashion or if the Supreme Court dismisses the appeal or denies certification.

V.
The judgment is reversed, and the matter is remanded to the Law Division for further proceedings, subject to the stay we impose.
NOTES
[1] He had originally been sentenced to nine years with 85% to be served before parole eligibility under NERA.
[2] In his brief, defendant does not challenge the concurrent five-year sentences for the third-degree crimes or their consecutive feature. Nor did defendant respond to the State's desire for a bifurcated jury trial on the aggravating factors if Blakely applies. In fact, he initially stated his lack of objection. We permitted him to change his position on both subjects at oral argument.
[3] The word "disability" does not appear in N.J.S.A. 2C:44-1a(2).
[4] It is also clear that Apprendi itself dealt with an enhancement or required "extended term" above the standard range by virtue of judicial fact-finding relating to a "hate crime" under N.J.S.A. 2C:44-3e.
[5] Given the factors used here, we decline to consider that the judge's findings are subject to a harmless error analysis. Moreover, in the absence of a conviction, the "prior conviction" exception does not apply. See State v. King, 372 N.J.Super. 227, 245-46, 858 A.2d 4 (App.Div.2004); State v. Abdullah, 372 N.J.Super. 252, 280-81, 858 A.2d 19 (App.Div.2004).
[6] This crime occurred before the June 29, 2001 amendments to NERA which made second-degree assault under N.J.S.A. 2C:12-1b automatically subject to NERA. See N.J.S.A. 2C:43-7.2d.
[7] In future cases, it would be prudent to try the factors necessary for an extended term, as required by Apprendi, at the same time as the aggravating factors, as required by Blakely, following the initial verdict. As to the ability of the judge to make fact-findings prerequisite to an extended term based on prior convictions, see, e.g., State v. Dixon, 346 N.J.Super. 126, 787 A.2d 211 (App.Div.2001) certif. denied, 172 N.J. 181, 796 A.2d 898 (2002).
[8] Stanton, supra, 176 N.J. at 84, 820 A.2d 637, involved a statute requiring fact-finding by "the court." See N.J.S.A. 2C:11-5b.