864 A.2d 1174 (2005)
374 N.J. Super. 419
STATE of New Jersey, Plaintiff-Respondent,
v.
Nedley A. ANDERSON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 2005.
Decided January 27, 2005.
Yvonne Smith Segars, Public Defender, attorney for appellant (Alison Perrone, Designated Counsel, on the brief).
James F. Avigliano, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Senior Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, AXELRAD and WELLS.
The opinion of the court was delivered by
STERN, P.J.A.D.
While the jury was deliberating during a trial in which defendant was charged with third-degree promoting obscene material to a minor, N.J.S.A. 2C:34-3b(2), defendant pled guilty to that charge and two counts of a separate indictment alleging fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3b, and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a. During the plea colloquy, the trial judge indicated that defendant's sentence exposure would be five years and three months in custody:

*1175 THE COURT: But I told your attorney that if you want to do that and you want to plead guilty, because you have no prior indictable convictions, what I would do is if I accept the plea, I would give you four years on this case that the jury has before it right now and on the second indictment, on the third degree, I'll give you four years, on the fourth degree, I'll give you fifteen months but the fifteen months will run consecutive to the four years. So you'll end up with five years and three months; do you understand that?
THE DEFENDANT: Yes, your Honor.
THE COURT: So the four will run concurrent to this four and the fifteen months will be consecutive for a total of five years and three months; do you understand that?
THE DEFENDANT: Yes, your Honor.
Defendant was subsequently sentenced to a term of fifteen months on the criminal sexual contact charge, to a consecutive four-year term on the endangering the welfare of a child count of the same indictment, and to a four-year term for the promoting obscene material charge on which defendant was being tried at the time of the plea, to be served concurrent to the fifteen-month sentence.[1] The trial judge stated at the time of the sentencing that the "total sentence here today is five years and 3 months in State Prison."[2]
On defendant's appeal we concluded "that the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." We added, however:
Pursuant to the agreement between the State and the Public Defender, as defendant has raised the constitutional argument of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the matter is postponed until a later date for disposition after full briefing on a regular calendar. The Clerk of the Appellate Division shall designate the briefing schedule to be followed by the parties.
Defendant now argues that the "imposition of consecutive prison terms above the presumptive violated defendant's constitutional rights to trial by jury and due process of law." We summarily reject defendant's contention that the imposition of consecutive sentences violates the principles of Blakely. SeeState v. Natale, 373 N.J.Super. 226, 238, 861 A.2d 148 (App.Div.2004); State v. Abdullah, 372 N.J.Super. 252, 281, 858 A.2d 19 (App.Div.2004), certif. granted, 182 N.J. 208, 863 A.2d 365 (2004).
We also reject defendant's contention that the fifteen-month sentence, six above the presumptive term for a fourth-degree crime, N.J.S.A. 2C:43-6a(4); 2C:44-1f(e), is unconstitutional. In Blakely, defendant entered into a plea agreement under which he pled guilty to the reduced charge of second-degree kidnapping. "Pursuant to the plea agreement, the State recommended a sentence within the standard range of 49 to 53 months. [H]owever, the judge rejected the State's *1176 recommendation and imposed an exceptional sentence of 90 months  37 months beyond the standard maximum." Blakely, supra, ___ U.S. at ___, 124 S.Ct. at 2535. In vacating the sentence imposed in violation of defendant's Sixth Amendment right to jury trial, a majority of the United States Supreme Court noted that "the facts supporting that finding were neither admitted by petitioner nor found by a jury," id. at ___, 124 S.Ct. at 2537, and further said:
Our precedents make clear, however, that the `statutory maximum' for Apprendi[v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.
[Ibid. (Citations omitted).]
See also United States v. Booker, ___ U.S. ___, ___, ___, 125 S.Ct. 738, 749, 756, ___ L.Ed.2d ___, ___, ___ (2005) (opinion of the Court by Stevens, J., applying Blakely to the federal sentencing guidelines). The Blakely Court concluded that the sentencing judge in Blakely "could not have imposed the exceptional 90-month sentence solely on the basis of the facts admitted in the guilty plea." Ibid.
The Court continued, however:
But nothing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do not understand how Apprendi can possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable.
...
Bargaining already exists with regard to sentencing factors because defendants can either stipulate or contest the facts that make them applicable.
[Blakely, supra, ___ U.S. at ___-___, 124 S.Ct. at 2541-42 (Citations omitted).]
We cannot conceive that the United States Supreme Court intended its Blakely principle to apply to this case in which the defendant  although not acknowledging aggravating factors beyond the "elements" of the offenses  acknowledged exposure to the sixty-three-month sentence imposed in exchange for his waiver of trial by jury with respect to the matter on which the jury was then deliberating and to separate charges scheduled for trial the following week. See also United States v. Booker, supra, ___ U.S. at ___-___, 125 S.Ct. at 762-64, ___ L.Ed.2d at ___-___ (Breyer, J. opinion of the Court); id., ___ U.S. at ___-___, 125 S.Ct. at 772-76, ___ L.Ed.2d at ___-___ (Stevens, J. dissenting in part) (concerning impact of plea bargaining with respect to the remedy). While the waiver in this case did not expressly include the authority of the judge to find aggravating factors, or an admission of those factors, we do not read Blakely to require vacation of the fifteen-month sentence for the fourth-degree crime because defendant expressly acknowledged that the sentence and the sixty-three-month *1177 aggregate sentence could be imposed as part of his waiver of the right to trial by jury.[3]
Accordingly, the judgment and sentence are affirmed.
NOTES
[1] The judge found that aggravating factors 3, 6 and 9 applied, that there were no mitigating factors, and "that the aggravating factors substantially outweigh the non-existent mitigating factors." The defendant had three adult non-indictable convictions.
[2] Defendant's motion for reconsideration of sentence resulted in amended judgments. Ultimately the promoting obscene material was made concurrent to the criminal sexual contact count and the endangering conviction was made consecutive to the fifteen-month sentence. In any event there is no dispute that defendant received an aggregate sentence of sixty-three months based on the fifteen-month consecutive sentence for the fourth-degree crime.
[3] This is not the occasion to reconsider the remedy imposed by State v. Natale, 373 N.J.Super. 226, 861 A.2d 148 (App.Div.2004), and determine whether the presumptive term in N.J.S.A. 2C:44-1f(1) should be severed or read to be advisory. See United States v. Booker, supra, (majority opinion of Breyer, J.).