[No. 75109-9.   En Banc.]
Argued February 10, 2005.    Decided October 6, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. ARMIN AGUSTIN CUBIAS, *Petitioner*.

Cheryl D. Aza (of Washington Appellate Project), for petitioner.

Norm Maleng, Prosecuting Attorney, and Lee D. Yates and Deborah A. Dwyer, Deputies, for respondent.

¶1 ALEXANDER, C.J. — A jury found Armin Cubias guilty of three counts of attempted murder in the first degree. Pursuant to RCW 9.94A.589(1)(b), the trial judge concluded that the offenses arose from "separate and distinct criminal conduct" and, consequently, imposed consecutive sentences on all counts. Cubias claims that the imposition of consecutive sentences was unconstitutional in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d

403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it had the effect of increasing his sentence beyond the statutory maximum based on facts not found by the jury. We conclude that the principle set forth in *Apprendi* and *Blakely* does not apply to the imposition of consecutive sentences. We, therefore, uphold the sentences imposed by the trial court.

I

¶2 On March 25, 2001, Armin Cubias and two fellow gang members happened upon three rival gang members: John Komotios, William Rosalez-Gomez, and Oscar Cruz. Members of the two gangs engaged in an exchange of verbal insults and "hand signals." Verbatim Report of Proceedings (RP) (Dec. 5, 2001) at 129. During this exchange, Cubias drew his gun and began shooting at Komotios, Rosalez-Gomez, and Cruz. Komotios ran away unharmed, while Cruz was seriously injured when he sustained gunshot wounds to his arm and face. Rosalez-Gomez was shot in the abdomen.

¶3 Cubias was charged in King County Superior Court with the attempted first degree murders of Cruz (count I), Rosalez-Gomez (count II), and Komotios (count III). In addition, the State alleged that Cubias was armed with a firearm during the commission of each of the charged offenses. A jury found Cubias guilty of all three charges and returned special verdicts that he was armed with a firearm during each attempted murder. At sentencing, the trial court concluded that, because there were separate victims, Cubias' offenses arose from separate and distinct criminal conduct. It, therefore, sentenced him to serve 180 months in prison on each count together with a 60-month firearm enhancement on each count. It ordered that the sentences run consecutively.

¶4 Cubias appealed his conviction to Division One of the Court of Appeals, which affirmed. *State v. Cubias*, noted at 119 Wn. App. 1018 (2003). He sought review here on issues

unrelated to the one before us. However, while his petition was pending, the United States Supreme Court handed down its decision in *Blakely*. This prompted Cubias to file a supplemental petition in which he claimed that the sentencing court's imposition of consecutive sentences was unlawful in light of *Blakely*. We granted review only on that issue.

## II

¶5 Cubias contends that because the imposition of consecutive sentences had the effect of increasing his total sentence beyond the statutory maximum sentence for any one of the counts of attempted first degree murder, he was denied his constitutional right to have a jury determine all of the facts necessary to support consecutive sentenceing. We review constitutional challenges de novo. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004) (citing *City of Redmond v. Moore*, 151 Wn.2d 664, 668, 91 P.3d 875 (2004)), *cert. denied*, 544 U.S. 922 (2005).

## III

¶6 Sentencing courts are required to impose consecutive sentences when a defendant is convicted of two or more "serious violent offenses" that arise from "separate and distinct criminal conduct."[1] RCW 9.94A.589(1)(b). Although separate and distinct criminal conduct is not statutorily defined, it is well established that when an offense does not constitute the "same criminal conduct,"[2] the offense is necessarily separate and distinct. *See State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). We have determined that "[o]ffenses arise from separate and distinct [criminal] conduct when they involve separate victims." *In re Pers.*

---

[1] Attempted murder in the first degree is a serious violent offense. RCW 9.94A.030(37)(a)(i), (ix).

[2] RCW 9.94A.589(1)(a) defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim."

*Restraint of Orange*, 152 Wn.2d 795, 821, 100 P.3d 291 (2004) (citing *State v. Wilson*, 125 Wn.2d 212, 220, 883 P.2d 320 (1994); *State v. Vike*, 125 Wn.2d 407, 410, 885 P.2d 824 (1994)); *see also State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

¶7 Relying on decisions of the United States Supreme Court in *Apprendi* and *Blakely*, Cubias contends that a jury, rather than a judge, must determine whether his convictions arose from separate and distinct criminal conduct and that this determination must be based on proof convincing beyond a reasonable doubt. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court clarified its decision in *Apprendi* and concluded that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303. It went on to say: "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-04. Significantly, in both *Blakely* and *Apprendi*, the United States Supreme Court was directing its attention to the sentence on a *single* count of a multiple-count charge.

¶8 In our view, consecutive sentencing decisions do not trigger the concerns identified in *Apprendi*. We say this because not only were consecutive sentences not at issue in that case, the court deemed them irrelevant for purposes of its holding. *Apprendi*, 530 U.S. at 474. The state of New Jersey had argued there that the sentencing court could have ordered that the defendant's sentence on the count in question, count 18, run consecutively to two other counts, counts 3 and 22, and that if it had done so, it would have resulted in the imposition of an enhanced sentence equiva-

lent to that which the defendant received based on the sentencing court's finding that count 18 was motivated by racial bias. The State posited that the defendant's "actual sentence was thus within the range authorized by statute for the three offenses *to* which he pleaded guilty." *Id.* (citation omitted). The Court rejected this argument, indicating:

> The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased—indeed, it doubled—the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence. *The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts.*

*Id.* (emphasis added). Simply put, *Apprendi* does not have any application to consecutive sentences; to conclude otherwise would extend *Apprendi*'s holding beyond the narrow grounds upon which it rested.

¶9 We are also satisfied that the *Blakely* decision does not preclude a sentencing court from imposing consecutive sentences in a case such as we have here. While it is true that the imposition of consecutive sentences increases a defendant's aggregate term of imprisonment, it is significant that in *Blakely*, like *Apprendi*, the Court was not concerned with consecutive sentences. Indeed, the Court considered the sentence on an additional count irrelevant. *Blakely*, 542 U.S. at 299 n.2.[3] It seems clear from *Blakely* that so long as the sentence for *any single offense* does not exceed the statutory maximum for that offense, as is the case here, *Blakely* is satisfied. Additionally, we note that consecutive sentences increase a defendant's total sentence because he or she was convicted of multiple serious violent

---

[3] "Petitioner further agreed to an additional charge of second-degree assault involving domestic violence. The 14-month sentence on that count ran concurrently and is *not relevant here.*" *Blakely*, 542 U.S. at 299 n.2 (emphasis added) (citation omitted).

offenses, not because the sentence exceeded the statutory maximum for any single offense. A defendant has no right to serve concurrent sentences for committing multiple serious violent offenses. *See State v. Salamanca*, 69 Wn. App. 817, 827-28, 851 P.2d 1242 (1993); *see also* DAVID BOERNER, SENTENCING IN WASHINGTON §§ 5.8(b), 6.20 (1985). Thus, we are convinced that consecutive sentences do not violate *Blakely*.

¶10 Our conclusion is consistent with a well reasoned decision by Division One of the Court of Appeals in *State v. Kinney*, 125 Wn. App. 778, 106 P.3d 274 (2005), a case in which that court addressed a question identical to the one before us now. The facts there were that the defendant, Kinney, pleaded guilty to two counts of attempted first degree murder and one count of first degree murder. The trial court determined that the offenses constituted separate and distinct criminal conduct and, therefore, imposed consecutive standard range sentences. On appeal, the defendant argued, as Cubias does here, that the imposition of consecutive sentences violated *Blakely* and *Apprendi*. The Court of Appeals rejected this contention reasoning that, as the United States Supreme Court in those cases was "concerned with facts used to enhance a sentence for an individual crime," consecutive sentences are not prohibited because a sentencing court's "determin[ation] that two crimes are separate offenses under RCW 9.94A.589(1)(b) does not operate to elevate either crime to the equivalent of a greater offense merely because . . . it results in two standard range sentences running consecutively." *Id.* at 782, 783.

¶11 Our holding is also in line with the position taken in most other jurisdictions that have faced this issue. *See United States v. Hicks*, 389 F.3d 514, 532 (5th Cir. 2004); *United States v. Chorin*, 322 F.3d 274, 278-79 (3d Cir. 2003); *United States v. Buckland*, 289 F.3d 558, 570-71 (9th Cir. 2002); *United States v. White*, 240 F.3d 127, 136 (2d Cir. 2001); *Wright v. State*, 46 P.3d 395, 398 (Alaska Ct. App. 2002); *People v. Sykes*, 120 Cal. App. 4th 1331, 16 Cal. Rptr. 3d 317, 327 (2004); *People v. Allen*, 78 P.3d 751, 755 (Colo.

Ct. App. 2001); *People v. Wagener*, 196 Ill. 2d 269, 284-85, 752 N.E.2d 430, 256 Ill. Dec. 550 (2001); *Cowens v. State*, 817 N.E.2d 255, 255 (Ind. Ct. App. 2004); *State v. Jacobs*, 644 N.W.2d 695, 698-99 (Iowa 2001); *State v. Bramlett*, 273 Kan. 67, 69-70, 41 P.3d 796 (2002); *Commonwealth v. Lepper*, 60 Mass. App. Ct. 36, 798 N.E.2d 1030, 1039-40 (2003); *State v. Senske*, 692 N.W.2d 743 (Minn. Ct. App. 2005); *State v. Anderson*, 374 N.J. Super. 419, 422, 864 A.2d 1174 (2005); *State v. Higgins*, 149 N.H. 290, 303, 821 A.2d 964 (2003); *State v. Robinson*, 146 S.W.3d 469, 499 n.14 (Tenn. 2004).[4]

## IV

¶12 In sum, we conclude that the trial court's imposition of consecutive sentences under RCW 9.94A.589(1)(b) does not increase the penalty for any single underlying offense beyond the statutory maximum provided for that offense and, therefore, does not run afoul of the decisions of the United States Supreme Court in *Apprendi* and *Blakely*. Accordingly, we affirm the trial court's decision that the sentences imposed on Cubias for three counts of attempted first degree murder run consecutively.

BRIDGE, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶13 MADSEN, J. (concurring in part, dissenting in part) — Although I concur in the result reached in this case, I cannot agree with the majority's reasoning. The majority's conclusion that consecutive sentences do not implicate the Sixth Amendment protections set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), is contrary to the clear

---

[4] Even if the defendant had correctly asserted that the jury is required to make the factual determination necessary to support consecutive sentencing, the jury did so here. In its verdict, the jury determined that Cubias was guilty of each count charged. Because each count alleged a separate victim, it is merely a legal conclusion from these factual determinations that the criminal conduct charged in each count was separate and distinct criminal conduct. *See Orange*, 152 Wn.2d at 821; *Lessley*, 118 Wn.2d at 778.

holding of those cases, both with regard to exceptional consecutive sentences imposed under RCW 9.94A.589(1)(a) and consecutive sentences for serious violent offenses imposed under RCW 9.94A.589(1)(b). Under both statutory provisions, consecutive sentences can be imposed only if certain factual findings are made that justify consecutive sentencing. Unless those factual determinations are reflected in the jury's verdict or admitted by the defendant, they must be found by a jury beyond a reasonable doubt.

¶14 The majority's analysis also cannot be reconciled with the court's recent decision in *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005). As we recognized in *Hughes*, where the Sentencing Reform Act of 1981, chapter 9.94A RCW, establishes a presumptive sentence and provides that a departure is warranted only where additional facts are found, these additional facts must be submitted to the jury and found beyond a reasonable doubt. The same analysis applies to a departure from presumptive concurrent sentencing under RCW 9.94A.589(1)(a). Similarly, where consecutive sentences for serious violent offenses require a determination that the offenses do not involve the same criminal conduct, the factual question whether the offenses involve the same criminal conduct must be submitted to the jury if that determination is not reflected in the jury's verdict or admitted by the defendant. RCW 9.94A.589(1)(b). Here, that factual determination is reflected in the jury's verdict, and therefore the majority's result, but not its analysis, is correct. Accordingly, I concur in the majority's result.

## DISCUSSION

¶15 Under Washington's sentencing scheme, sentences for current offenses are presumed to run concurrently, with limited exceptions. RCW 9.94A.589(1)(a).[5] Outside the limited exceptions expressly provided by the legislature, con-

---

[5] "Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if

secutive sentences are permitted only if the sentencing judge makes additional findings of fact that constitute "substantial and compelling reasons justifying an exceptional sentence." Former RCW 9.94A.535 (2003).[6] In this case the trial court imposed consecutive sentences under RCW 9.94A.589(1)(b), which provides an exception to concurrent sentencing whenever the defendant is convicted of "two or more serious violent offenses arising from separate and distinct criminal conduct." RCW 9.94A.589(1)(b). Under this provision, consecutive sentences are authorized only if the defendant is convicted of multiple "serious violent offenses" constituting "separate and distinct criminal conduct." RCW 9.94A.589(1)(b). If this finding is made the trial court must impose sentences for "serious violent offenses" consecutively. Conversely, absent a finding of separate and distinct conduct the court must impose concurrent sentences unless the court finds other facts that justify an exceptional sentence. RCW 9.94A.589(1)(a).

¶16 The majority is incorrect when it concludes that consecutive sentences imposed under RCW 9.94A.589(1)(a) and (b) do not implicate the Sixth Amendment and that *Apprendi* and *Blakely* do not apply. There can be little doubt that imposing consecutive sentences dramatically increases the presumptive quantum of punishment the legislature authorized the trial court to impose, absent "exceptional circumstances." For Sixth Amendment purposes, there is no difference between an exceptional sentence that increases the length of a sentence for one count beyond the presumptive range and an exceptional *consecutive* sentence that increases the presumptive length of incarceration. Both serve to keep a prisoner incarcerated longer than would be the case if the presumptive sentences were imposed. In both cases, the overall length of imprisonment has increased, and in both cases, a judge made additional findings of fact

they were prior convictions for the purpose of the offender score. . . . Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.589(1)(a).

[6] Amended by LAWS OF 2005, ch. 68, § 3.

in order to sentence beyond the presumptive period of incarceration authorized by the legislature.

¶17 In *Apprendi*, the Supreme Court was confronted with a New Jersey statute that permitted a judge to sentence a defendant to an "extended term" if the judge found by a preponderance of the evidence that the defendant had engaged in a "hate crime" against a person based upon that person's race, sex, creed, etc. *Apprendi*, 530 U.S. at 468-69. In response to a due process challenge, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). In *Blakely*, the Court dealt with Washington's former sentencing scheme, which allowed a judge to impose a sentence outside the statutory presumptive range if the judge found " 'substantial and compelling reasons justifying an exceptional sentence.' " *Blakely*, 542 U.S. at 299 (quoting RCW 9.94A.120(2)). Applying the rule established in *Apprendi*, the Court explained that the "statutory maximum" triggering the right to a jury determination is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303. The Court emphasized that the statutory maximum sentence "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-04. Thus, the Court defined the "statutory maximum" with reference to fact finding and concluded an increase in the length of incarceration resulting from such fact finding triggers the right to a jury trial.

¶18 Central to the analysis in *Apprendi* and *Blakely* is the principle that when the legislature establishes the maximum punishment to be imposed and has provided a harsher penalty only upon a finding of additional facts, the Sixth Amendment right to a jury trial is implicated. In *Apprendi,* the Court emphasized the significance of an increased prison term by noting "it can hardly be said that

the potential doubling of one's sentence—from 10 years to 20—has no more than a nominal effect. Both in terms of absolute years behind bars, and because of the more severe stigma attached, the differential here is unquestionably of constitutional significance." *Apprendi*, 530 U.S. at 495. The Court reiterated the importance of this principle in *Blakely*, by pointing out that "[t]he Framers would not have thought it too much to demand that, before depriving a man of three more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to 'the unanimous suffrage of twelve of his equals and neighbors,' rather than a lone employee of the State." *Blakely*, 542 U.S. at 313-14 (quoting 4 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND ch. 27, at 343 (1769)).

¶19 This court has already recognized that the scope of "sentence" is not limited to the discrete prison term for an individual count in reviewing postconviction challenges to sentencing. Indeed, it is the fact that the sentences are consecutive that makes the punishment unlawful in some cases. *See In re Pers. Restraint of Call*, 144 Wn.2d 315, 331, 28 P.3d 709 (2001) (citing *In re Pers. Restraint of Greening*, 141 Wn.2d 687, 694, 9 P.3d 206 (2000)).

¶20 The majority says, though, that *Apprendi* and *Blakely* do not apply to consecutive sentences because those cases dealt with sentences on single counts. Majority at 553. In *Apprendi*, the majority reasons, the Supreme Court deemed consecutive sentences "irrelevant for purposes of its holding," majority at 553, when it said that "[t]he sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts." *Apprendi*, 530 U.S. at 474. However, the issue in *Apprendi* was *not* related to consecutive sentences. The Court was concerned only with the sentence on a single count that exceeded the statutory maximum for that crime based solely on the trial court's determination that the crime was motivated by racial bias. There was no reason to address consecutive or concurrent sentences because they were not before the Court and were irrelevant in deciding the case.

The same is true in *Blakely*, where the Court declared that a concurrent sentence on another count "is not relevant here." *Blakely*, 542 U.S. at 299 n.2.

¶21 To construe *Apprendi* and *Blakely* as the majority does vastly expands the meaning of dicta designed to focus the issues in those cases. Furthermore, the majority's construction is at odds with the reasoning of those cases. As we recently recognized in *Hughes,* "any fact other than that of a prior conviction, which increases the applicable punishment, must be found by a jury beyond a reasonable doubt (unless it is stipulated to by the defendant or the defendant waives his right to a jury finding)." *Hughes*, 154 Wn.2d at 126, ¶ 1. There is *no* principled basis to distinguish between exceptional individual sentences and exceptional consecutive sentences; in each case the decision to depart from the presumptive sentence is based on a factual determination made by a judge.

¶22 Additionally, while the majority offers a host of citations to federal and state cases, it does not examine the statutes or explain how the consecutive and concurrent sentencing schemes in those jurisdictions are comparable to Washington's sentencing laws. Unlike many of the cited jurisdictions, the sentencing scheme in place here is not a discretionary scheme as discussed in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). When a trial judge exercises discretion within a defined range, the defendant does not have a right to jury determination of facts relevant to his sentence. *Booker*, 543 U.S. at 233; *see also Apprendi*, 530 U.S. at 481 ("We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute."). As discussed, concurrent sentences are mandated by statute, with limited exceptions. By law a sentence greater than a concurrent sentence requires a finding of additional facts. The decision to impose concurrent sentences is not left to the trial court's discretion—it is mandatory.

¶23 Under RCW 9.94A.589(1)(b) "separate and distinct criminal conduct" is not given a statutory definition. However, this court has construed the phrase as the absence of " 'same criminal conduct,' " *State v. Tili*, 139 Wn.2d 107, 122, 985 P.2d 365 (1999), which is defined as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). As long as the judge does not find any new facts beyond those contained in the jury verdict in determining whether the defendant's acts constitute "separate and distinct criminal conduct," a consecutive sentence under RCW 9.94A.589(1)(b) will not implicate *Blakely*.

¶24 In the case of multiple victims, our precedent allows the judge to determine that the criminal conduct was "separate and distinct" as a matter of law. *See In re Pers. Restraint of Orange*, 152 Wn.2d 795, 821, 100 P.3d 291 (2004) (holding separate victims creates presumption that conduct is "separate and distinct"). This is precisely what occurred here and is the reason I concur in the result. Cubias was convicted of three counts of attempted murder against three separate victims, facts necessarily implied by the jury's "guilty" verdict. Based on this "fact," found by a jury, the trial court properly imposed consecutive sentences.

¶25 The remaining factors defining "same criminal conduct" are not relevant here. But, if they become relevant in another case, they will need to be submitted to a jury. In such cases, *Blakely* is implicated if the judge, and not the jury, determines that the conduct was "separate and distinct."

## CONCLUSION

¶26 The holdings of *Apprendi* and *Blakely* augment the Sixth Amendment's promise of a jury trial. Any fact other than the fact of a prior conviction, which increases the applicable punishment beyond the sentence authorized by law, must be found by a jury beyond a reasonable doubt

unless stipulated to by the defendant or the defendant waives his right to a jury finding. *Blakely* defined "statutory maximum" as "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 299. Under Washington law, a judge may not impose consecutive sentences that are part of the punishment as a whole unless the judge makes additional findings under either former RCW 9.94A.535 or RCW 9.94A.589(1)(b) and (c). Thus, consecutive sentences in Washington necessarily implicate *Blakely* and require that all facts "which the law makes essential to the punishment," 1 JOEL PRENTISS BISHOP, COMMENTARIES ON THE LAW OF CRIMINAL PROCEDURE § 87, at 55 (2d ed. 1872), be "confirmed by the unanimous suffrage," 4 BLACKSTONE, *supra*, at 343, of the jury beyond a reasonable doubt.

¶27 Cubias' sentence should be affirmed.

C. JOHNSON, SANDERS, and CHAMBERS, JJ., concur with MADSEN, J.

Reconsideration denied January 3, 2006.