896 A.2d 1148

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. HERIBERTO SOTO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 12, 2005—Decided May 4, 2006.

Before Judges KESTIN, R.B. COLEMAN and SELTZER.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Donald T. Thelander,* Assistant Deputy Public Defender, of counsel and on the brief).

*Peter C. Harvey,* Attorney General, attorney for respondent (*Robyn M. Mitchell,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

R.B. COLEMAN, J.A.D.

Defendant, Heriberto Soto, appeals from his sentence for fourth degree aggravated assault, *N.J.S.A.* 2C:12–1b(4). Defendant was sentenced, pursuant to a negotiated plea agreement respecting the charges in Passaic County Indictment No. 02–09–1236, to incarceration in prison for eighteen months, with an eighteen-month mandatory minimum term to be served consecutive to the sentence on Passaic County Indictment No. 02–03–0279, which defendant was serving at the time. Defendant has also challenged his sentence, following a plea of guilty to two counts of a seven-count indictment in Passaic County, Indictment No. 02–03–0279; that appeal was removed from the sentencing oral argument calendar in order that it could be fully briefed.[1] It was listed for submission on the same date as this appeal. We have elected to address the issues raised in that matter in a separate opinion.

On this appeal defendant makes the following argument:

*POINT ONE:* THE IMPOSITION OF A MAXIMUM BASE TERM SENTENCE WITH A MAXIMUM BASE TERM PAROLE DISQUALIFER OF 18 MONTHS TO BE SERVED CONSECUTIVELY TO THE SENTENCE DEFENDANT WAS THEN SERVING ON ANOTHER INDICTMENT WAS MANIFESTLY EXCESSIVE, UNDULY PUNITIVE AND NOT SUPPORTED BY THE RECORD BELOW.

Based on our review of defendant's arguments in light of the applicable law, we affirm, however, we remand to the Law Division for correction of the judgment of conviction so that the judgment shall state specifically—and not solely by reference to the pleas agreement—the period of parole ineligibility.

On March 4, 2002, defendant was indicted under Passaic County Indictment No. 02–09–1236, which charged him with ten counts as follows: three counts of first degree robbery, *N.J.S.A.* 2C:15–1 (counts one, two and three); second degree possession of hand-

---

[1] In the second appeal, defendant challenges the constitutionality of *N.J.S.A.* 2C:39–4.1d. That statute prohibits merger of certain convictions for purposes of sentencing and directs that a sentence imposed for violation of section 4.1 be served consecutively to a violation of any of the sections of Chapter 35 or Chapter 16 referred to in that section.

guns with the intent to use them unlawfully against others, *N.J.S.A.* 2C:39–4a (count four); third degree possession of hand-guns without having obtained a permit to carry the same, *N.J.S.A.* 2C:39–5b (count five); three counts of fourth degree aggravated assault by knowingly pointing a firearm at another under circumstances manifesting extreme indifference to the value of human life, *N.J.S.A.* 2C:12–1b(4) (counts six, seven and eight); third degree theft by receiving stolen property, *N.J.S.A.* 2C:20–7 (count nine); and fourth degree resisting arrest, *N.J.S.A.* 2C:29–2a(1) (count ten).

On June 30, 2003, defendant pled guilty to a single count of the indictment, count six, charging fourth degree aggravated assault. Pursuant to the plea agreement, the State agreed to recommend the maximum base sentence of eighteen months for the offense, with a period of parole ineligibility for the full eighteen months, and the dismissal of all remaining charges. The State's recommendation also contemplated that the sentence would be served consecutively to the aggregate eight-year sentence defendant had already started to serve for third degree possession of a controlled dangerous substance (CDS) with the intent to distribute within 1000 feet of a school, *N.J.S.A.* 2C:35–7, and possession of a firearm while in the course of committing a narcotics offense, *N.J.S.A.* 2C:39–4.1.

In furtherance of the plea agreement, defendant provided a factual basis of his guilt. He testified that he entered the victim's laundromat on March 4, 2002, took out a handgun, and pointed it at the victim's leg. Defendant also acknowledged the presence and aid of his accomplice in accordance with the plea agreement. The trial judge determined that defendant had the advice of competent counsel; that he had entered the guilty plea freely and voluntarily; and that he had adequately admitted a factual basis of the conviction of fourth degree aggravated assault, *N.J.S.A.* 2C:12–1b(4).

At the sentencing hearing on August 15, 2003, the State, as it had agreed, moved to dismiss the remaining nine charges against

defendant and recommended the eighteen-month sentence, subject to the full eighteen-month parole disqualifier, to be served consecutively to the eight-year aggregate sentence defendant was then serving. The judge imposed sentence upon defendant in accordance with the State's recommendation and the parties' agreement. The judge found that the nature of the crime committed and the role of the defendant in this fourth degree offense was very serious. He noted that defendant had bound with duct tape three individuals, including the victim at whom he admitted he pointed the handgun, and he had terrorized them. In the judge's estimation, that incident would live with the victims for the rest of their lives. For those reasons, as well as defendant's prior felony conviction, his background and dangerousness, the judge found aggravating factors (1), (3), (6) and (9) applied. *N.J.S.A.* 2C:44–1(a)(1), (3), (6) and (9). The judge found no mitigating factors.

Defendant contends the judge violated the Sixth Amendment by sentencing him, based on judicial factfinding, to a term greater than the maximum sentence authorized by defendant's admissions at a plea hearing. *Blakely v. Washington,* 542 *U.S.* 296, 124 *S.Ct.* 2531, 159 *L.Ed.*2d 403 (2004). In *Blakely,* the trial judge had "imposed an exceptional sentence of 90 months, [which was] 37 months beyond the standard maximum." *Id.* at 300, 124 *S.Ct.* at 2535, 159 *L.Ed.*2d at 411. The imposition of such an extreme sentence was based on a finding that "[defendant] had acted with 'deliberate cruelty,' a statutorily enumerated ground for departure in domestic-violence cases." *Ibid.* The United States Supreme Court observed, however, that the facts the judge relied on to enhance the sentence were "neither admitted by [defendant] nor found by a jury." *Id.* at 303, 124 *S.Ct.* at 2537, 159 *L.Ed.*2d at 413. Thus, the Court held defendant's sentence violated the Sixth Amendment. *Id.* at 305, 124 *S.Ct.* at 2538, 159 *L.Ed.*2d at 415. According to the Court, in criminal cases, "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." *Id.* at 310, 124 *S.Ct.* at 2541, 159 *L.Ed.*2d at 417–18.

In *State v. Natale*, 184 *N.J.* 458, 466, 878 *A.2d* 724 (2005), the New Jersey Supreme Court held that "a sentence above the presumptive statutory term based solely on a judicial finding of aggravating factors, other than a prior criminal conviction, violates a defendant's Sixth Amendment jury trial guarantee." In order to preserve the major sentencing elements of our sentencing code and to bring it into compliance with the Sixth Amendment, the *Natale* Court eliminated the presumptive terms from the sentencing process. *Ibid.* The Court, thus, instructed that "[w]ithout presumptive terms, 'the statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged, *e.g.*, ten years for a second-degree offense, *N.J.S.A.* 2C:43-6(a)(2)." *Id.* at 487, 878 *A.2d* 724. Judges are still empowered to identify and assess both the applicable mitigating and aggravating factors, but are simply not constrained by the "fixed point of a statutory presumptive" term. *Id.* at 488, 878 *A.2d* 724.

■ Consistent with *Natale*, "[a] judge is authorized to impose a sentence within the range allowed by the jury verdict or by the defendant's admissions at a guilty plea after waiving his right to jury trial." *Id.* at 481, 878 *A.2d* 724 (citing *Blakely, supra*, 542 *U.S.* at 301–02, 310, 124 *S.Ct.* at 2536–37, 2541, 159 *L.Ed.2d* at 412–13, 417–18). The *Natale* Court, further recognized that although a defendant's guilty plea, standing alone, does not constitute implicit consent to judicial factfinding of aggravating factors to support a sentence above the presumptive term, if the defendant stipulates to relevant facts or consents to judicial factfinding, the sentencing court is authorized to exceed the statutory maximum. *Natale, supra*, 184 *N.J.* at 495 n. 12, 878 *A.2d* 724. The Court stated:

> *State v. Anderson*, 374 *N.J.Super.* 419, 421, 424, 864 *A.2d* 1174 (App.Div.2005), [*certif. denied*, 185 *N.J.* 266, 883 *A.2d* 1062 (2005)] is an example in which a defendant implicitly agreed to judicial factfinding. In that case, the trial court indicated to the defendant the sentence that would be imposed if he pled guilty. *Id.* at 421, 864 *A.2d* 1174; *See also R.* 3:9-3(c). The proposed sentence on one charge exceeded the presumptive term. *Anderson, supra*, 374 *N.J.Super.* at 421–22, 864 *A.2d* 1174. Based on the court's representations, the defendant pled guilty.

> *See id.* at 421, 864 *A.*2d 1174. As promised, the court imposed a sentence exceeding the presumptive term. *Id.* at 421–22, 864 *A.*2d 1174. The Appellate Division upheld the defendant's sentence because the defendant implicitly agreed to judicial factfinding to support the sentence the court said it would impose. *Id.* at 424, 864 *A.*2d 1174. That holding is consistent with *Blakely, supra.*
> [*Ibid.*]

The court in *Anderson* distinguished its facts from the facts in *Blakely.* *Anderson, supra,* 374 *N.J.Super.* at 422–23, 864 *A.*2d 1174. The court observed that in *Blakely,* defendant entered into a plea agreement with the State for the judge to impose a sentence within the standard range of forty-nine to fifty-three months, but instead the judge engaged in judicial factfinding to impose a sentence of ninety months, thirty-seven months longer than the negotiated standard range. *Ibid.* In contrast, the defendant in *Anderson* made an implicit waiver for the judge to find such aggravating factors to impose an otherwise excessive term of imprisonment that defendant had "expressly acknowledged" and to which he had agreed in exchange for the dismissal of additional charges. *Id.* at 424, 864 *A.*2d 1174.

Here, the presumptive term for a fourth degree aggravated assault conviction at the time of sentencing was nine months. *N.J.S.A.* 2C:44–1(f). The maximum term for a fourth degree offense was eighteen months. *N.J.S.A.* 2C:43–6a(4). The judge imposed the maximum sentence of eighteen months in accordance with the plea agreement between the State and defendant and, likewise, imposed an eighteen-month period of parole ineligibility. The judge based defendant's sentence on aggravating factors (1), (3), (6) and (9). *N.J.S.A.* 2C:44–1(a)(1), (3), (6) and (9). The facts admitted by defendant were that he pointed a gun at another person's leg while his accomplice acted as a lookout. In finding aggravating factor (1) (nature and circumstance of the offense), the court took into account that the victim and two others were bound with duct tape and terrorized by defendant. These facts were contained in the victim's impact statement, but were not admitted by the defendant at his plea hearing. However, we are satisfied defendant impliedly authorized the judge to engage in

such factfinding to impose the maximum sentence for the offense when defendant agreed to accept the terms of the plea agreement.

By agreeing to a plea agreement containing a sentencing recommendation of eighteen months with an equivalent parole disqualifier, rather than proceeding to trial, defendant waived any objection that the eighteen-month base sentence was excessive. The base sentence was within the statutory range for the offense, albeit the maximum of that range. If defendant had an objection to such a sentence, he should have raised it during negotiations with the State for the plea agreement or before the sentence was pronounced. Defendant cannot legitimately complain that the sentence was unexpected or that he received a sentence other than that for which he explicitly negotiated. Under such circumstances, *Blakely* does not apply.

■ The judgment of conviction recites that the sentence was imposed in accordance with the negotiated plea agreement, that is, subject to a period of ineligibility for parole, but the judgment does not specifically state the duration. There appears to be no dispute that the intended duration was the full eighteen months, but the intention is not discernible from the judgment of conviction itself nor from the transcript of the sentencing proceeding, except by reference to the plea agreement. Defendant contends, however, that the stipulated eighteen-month period of parole eligibility for his base sentence of eighteen-months is illegal and that the parties cannot negotiate an illegal sentence, *See State v. Smith*, 372 *N.J.Super.* 539, 542, 859 A.2d 1229 (App.Div. 2004), *certif. denied*, 182 *N.J.* 428, 866 A.2d 984 (2005). Under ordinary circumstances, when a discretionary period of parole ineligibility is imposed because the aggravating factors substantially outweigh the mitigating factors, the term of ineligibility may not exceed one-half of the base term. See *N.J.S.A.* 2C:43-6b.

However, when a person is convicted of certain specified crimes, including aggravated assault, *N.J.S.A.* 2C:12-1b, while such person uses or is in possession of a firearm, the Graves Act, *N.J.S.A.*

2C:43-6c, mandates that the term of imprisonment shall include the imposition of a minimum term as follows:

> The minimum term shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, or 18 months in the case of a fourth degree crime, during which the defendant shall be eligible for parole.

[(Emphasis added).]

Because the judgment of conviction, as filed, does not include a clear statement of the period of parole ineligibility or that the period of parole ineligibility is being imposed pursuant to the Graves Act, *N.J.S.A.* 2C:43-6c, we remand to the Law Division for correction of the judgment. As mandated by the Graves Act, *N.J.S.A.* 2C:43-6c, defendant's period of parole ineligibility for fourth degree aggravated assault, *N.J.S.A.* 2C:12-1b(4), must be eighteen months.

■ Defendant's final contention is that the trial judge did not properly use and assess the *Yarbough* factors in sentencing defendant to a consecutive term. The New Jersey Supreme Court in *State v. Yarbough,* 100 *N.J.* 627, 643–44, 498 *A.*2d 1239 (1985), created the guidelines a trial court should consider when making its determination whether to impose a consecutive sentence.

■ In *State v. Abdullah,* the Court instructed that when trial courts impose "either a concurrent or consecutive sentence, '[t]he focus should be on the fairness of the overall sentence,' and [the trial courts] should articulate the reasons for their decisions with specific reference to the *Yarbough* factors." *State v. Abdullah,* 184 *N.J.* 497, 515, 878 *A.*2d 746 (2005) (quoting *State v. Miller,* 108 *N.J.* 112, 122, 527 *A.*2d 1362 (1987)) (first alteration in original). Failure to provide reasons for the imposition of a consecutive sentence may compel a remand for resentencing. *Miller, supra,* 108 *N.J.* at 122, 527 *A.*2d 1362. According to the Court in *Miller,* "[a] statement of reasons is a necessary prerequisite for adequate appellate review of sentencing decisions ... [in order to] determine whether the trial court's imposition of consecutive sentences was a valid exercise of discretion." *Ibid.*

■ We recognize that we have the discretion to affirm a consecutive sentence without the reasons having been expressly stated where "the facts and circumstances leave little doubt as to the propriety of the sentences," and the sentences are not shown to be "clearly mistaken." *State v. Jang,* 359 *N.J.Super.* 85, 97–98, 819 *A.*2d 9 (App.Div.), *certif. denied,* 177 *N.J.* 492, 828 *A.*2d 919 (2003). Here, in accordance with the plea agreement, the judge imposed the eighteen-month base sentence consecutive to the eight-year sentence defendant was already serving. No explicit assessment of the *Yarbough* factors was made in support of imposition of a consecutive sentence, but the reasons are self evident. These were separate crimes committed on separate occasions and the plea agreement itself called for consecutive sentences. Therefore, we affirm the court's imposition of a consecutive sentence.

Remanded for correction of the judgment of conviction to reflect the mandatory minimum period of parole ineligibility, pursuant to the Graves Act, *N.J.S.A.* 2C:43-6c.