873 A.2d 587 (2005)
377 N.J. Super. 445
STATE of New Jersey, Plaintiff-Respondent,
v.
Carlos MOORE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 6, 2005.
Decided May 11, 2005.
*588 Yvonne Smith Segars, Public Defender, attorney for appellant (Michael B. Jones, Assistant Public Defender, of counsel and on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Nina D. Bonner, Deputy Attorney General, of counsel and on the brief).
Before Judges NEWMAN, R.B. COLEMAN and LANDAU.
The opinion of the court was delivered by
LANDAU, J.A.D. (Retired and temporarily assigned on recall).
Charged with second degree aggravated assault (N.J.S.A. 2C:12-1b(1)) defendant Carlos Moore entered a retraxit plea of guilty on July 18, 2002, under a plea agreement that provided for a five year term of imprisonment subject to a mandatory eighty five percent parole ineligibility term under the No Early Release Act (NERA). The term was to be consecutive to a twelve-year sentence of imprisonment defendant was then serving.
The charge arose out of defendant's assault upon a corrections officer committed on December 24, 2001 at the Essex County Jail where he was confined while awaiting sentence on seven indictments to which he had entered guilty pleas.
In fixing sentence on September 9, 2002, the judge imposed the bargained-for five-year term subject to NERA parole ineligibility, but elected to make that term concurrent with the period of incarceration defendant was serving. A three-year period *589 of parole was also imposed under NERA.
The State moved for reconsideration, contending that the sentence was illegal because defendant's assault upon a corrections officer should have rendered him subject to the mandate of N.J.S.A. 2C:44-5i which provides:
Any term of imprisonment imposed on an inmate of a State or county correctional facility for an assault on a Department of Corrections employee, an employee of a county correctional facility, an employee of a State juvenile facility or a county juvenile detention facility, a county sheriff's department employee or any State, county or municipal law enforcement officer while in the performance of his duties shall run consecutively to any term of imprisonment currently being served and to any other term imposed for any other offense committed at the time of the assault.
After hearing argument, the judge granted the State's motion, but permitted defendant to withdraw his guilty plea.
Another plea agreement was negotiated shortly before trial was to commence. With the acquiescence of the State, it was agreed that defendant would plead to the second degree offense, but that he would be sentenced as for a third degree offense, to a term of three years, subject to the eighty five percent NERA parole ineligibility condition, said term to run consecutively to the sentences already being served.
On May 5, 2003, in accordance with the plea bargain, the defendant was sentenced to a custodial term of three years, subject to the NERA conditions, with the provision that it be consecutive to the existing sentences. Appropriate fines and penalties were imposed.
Defendant appeals, contending that N.J.S.A. 2C:44-5i should not be deemed to control defendant's sentence, and that the original concurrent sentence must be restored.
Defendant argues that at the time of the assault, he was not serving a "term of imprisonment" but merely awaiting sentence on the unrelated charges to which he had pled guilty. He points out that as a criminal statute, N.J.S.A. 2C:44-5i must be narrowly construed; that any ambiguity must be resolved in his favor and that penal laws cannot be extended by implying their intent. Those principles of construction are not in dispute. State v. Vasquez, 129 N.J. 189, 200-201, 609 A.2d 29 (1992); State v. Valentin, 105 N.J. 14, 17-18, 519 A.2d 322 (1987).
Essentially, defendant asserts that the phrase "currently being served", as used in subsection i. must be deemed to refer to the time of assault rather than to the time of sentence.
In deciding the State's motion for reconsideration, the sentencing judge explained that the statute's language and intent required imposition of a consecutive sentence, when, at the time of sentence, defendant was currently serving a term of imprisonment.
We view the language of the statute to be neither unclear nor ambiguous. The operative portion of subsection i. reads: "Any term of imprisonment imposed... shall run consecutively to any term of imprisonment currently being served ..." The word "currently" is the adverb form of "current". Current is generally defined as synonymous with "concurrent" and "contemporaneously". William C. Burton, Legal Thesaurus, 130 (1980). As used in the statute, "currently" refers to what must be done by the judge when imposing a term of imprisonment, i.e. when the defendant is sentenced. When sentenced in this matter, defendant *590 was serving terms of imprisonment. The phrase "currently being served" is not ambiguous in its statutory context.
Were statutory interpretative efforts to be deemed appropriate, however, we observe that defendant had to receive credit for time served in the Essex County Jail while awaiting sentence for the crimes committed prior to this assault. Thus defendant's term of imprisonment for those crimes actually includes the time when he committed the assault upon a corrections officer.
Based upon the foregoing discussion, we would normally affirm the questioned sentence. The arguments made by the parties on appeal were limited to the issue of mandatory imposition of a consecutive term under N.J.S.A. 2C:44-5i and the State has not cross-appealed.
Nonetheless, a reviewing court is not free to ignore an illegal sentence. State v. Flores, 228 N.J.Super. 586, 594, 550 A.2d 752 (App.Div.1988). In this case, defendant pled guilty to the second degree crime of aggravated assault, N.J.S.A. 2C:12-1b, and gave a factual basis therefore.[1] He was sentenced as for a crime of the third degree.
Statutory authority for sentencing a defendant to a term one degree lower than that of the crime for which he was convicted is afforded, but narrowly circumscribed by the Legislature, in N.J.S.A. 2C:44-1f(2) which provides:
In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted. If the court does impose sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution.
The sentencing court must be clearly convinced both that the mitigating factors substantially outweigh the aggravating factors and that the interest of justice demands the lesser sentence. In State v. Megargel, 143 N.J. 484, 673 A.2d 259 (1996), the Supreme Court provided further guidelines to be considered by a court when utilizing the limited authority delegated under N.J.S.A. 2C:44-1f(2). These include, inter alia, that: the sentence must focus primarily on the severity of the crime and the circumstances pertaining to the offense; there must be a compelling reason for downgrade of the sentence in the interest of justice; where the legislature has provided an enhanced penalty for a particular offense, its downgrade requires even more compelling reasons; the trial court must clearly identify the relevant sentencing factors and describe how it exercised its discretion in balancing these factors; and the trial court must set forth its reasons why the interest of justice demands a downgrade. Id. at 498-502, 673 A.2d 259.
The judge clearly stated for the record that, but for the mandatory language of subsection i, he would have preferred to sentence this defendant to a concurrent term rather than to a consecutive term for assaulting the corrections officer. As to *591 the lessened degree of sentence, we quote from the sentencing transcript:
"You now have seven prior indictable convictions.
I've reviewed the mitigating and aggravating factors. I don't find any mitigating factors. As aggravating factors, I find that there is a risk that you would commit another offense, the extent of your prior criminal record and the need to deter you and others from violating the law. Thus I find that the aggravating factors outweigh the mitigating factors. But I will follow the terms of the plea agreement.
Therefore, the sentence of the court on Count-One, which was a second-degree aggravated assault to be sentenced as a third-degree where there was an agreed-upon sentence which you'll get is that you're to be committed to the custody of the commissioner of the Department of Corrections for a term of three years [subject to NERA requirements]."
We can discern from the record no "compelling reason" for the sentence downgrade other than compliance with a plea bargain that was apparently tailored to come as close as possible to approaching the concurrent result contemplated in the earlier sentence.
The sentence before us plainly violates N.J.S.A. 2C:44-1f(2) because the court was not clearly convinced that mitigating factors substantially outweigh the aggravating factors. Indeed a contrary finding was made. Neither was the requisite determination made respecting a compelling interest of justice. Moreover, the sentence fails to conform to Megargel's carefully articulated teachings respecting a step-down sentence, as well as the substantial legislative limitations upon the court's authority to deviate from statutory sentencing guidelines. See Flores, supra.
Accordingly we are constrained to reverse. Defendant may elect again to withdraw his guilty plea. As the sentence in issue was run consecutively to the terms appellant is now serving, he has not begun to serve this sentence, and no issue is presented under State v. Veney, 327 N.J.Super. 458, 462, 743 A.2d 888 (App. Div.2000). Our holding respecting N.J.S.A. 2C:44-5i precludes return to the initial concurrent sentence, as requested by defendant.
Sentence vacated. Remanded for further proceedings.
NOTES
[1] This removes any possible Blakely issue. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403, 413 (2004); State v. Natale, 373 N.J.Super. 226, 236, 861 A.2d 148 (App.Div.2005).