**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0364-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE CHERRY a/k/a
MARIA CHERRNEZ, OMAR
BROWN, KEVIN HORTON,
LAMONT KING, and OMAR
LEWIS,

    Defendant-Appellant.

_____

Submitted October 24, 2019 – Decided November 15, 2019

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-06-1896.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M.

Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jermaine Cherry appeals the July 20, 2018 Law Division order denying his petition for post-conviction relief (PCR). Because his claim regarding jail credits was cognizable on direct appeal, it is barred. See R. 3:22-4(a). Additionally, as the judge noted, his allegation of ineffective assistance of counsel is nothing more than an insufficient "bald assertion" and therefore lacks merit. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). We affirm.

Defendant was forty-two years old when sentenced on August 25, 2017, to three years state prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on a charge of second-degree burglary, N.J.S.A. 2C:18-2. In sentencing defendant, the judge found aggravating factors three, the risk of re-offense, six, the extent of defendant's prior criminal history, and nine, the need to deter him and others. N.J.S.A. 2C:44-1(a). Despite the judge finding no mitigating factors, she sentenced defendant for a crime in the third-degree range in accord with the agreed-upon sentence of three years state prison. See State v. Moore, 377 N.J. Super. 445, 450-51 (App. Div. 2005) (Even when sentencing in accord with a plea bargain, the judge must find a "'compelling reason' for the

sentence downgrade[.]").  No appeal is taken from that procedural misstep, and presumably at this point, defendant's parole has long since ended.   Defendant's prior criminal history included five juvenile adjudications, seven prior indictable offenses of which at least three were burglaries, eight disorderly persons charges, and a conditional discharge.

Defendant actually pled guilty twice to this offense—his motion to withdraw from the first agreement was granted before sentence.  The factual basis for this second plea agreement was placed on the record the day after trial was scheduled to begin.  In the interim between pleas, however, defendant's prior probationary sentence was revoked, and he was serving a probation violation prison term at the time he entered the second guilty plea.

When the judge engaged in the plea colloquy on the second plea agreement, defendant asked how credit for time served on the violation of probation sentence would be applied toward the second-degree burglary sentence, which would be served concurrently to the prison term on the new offense.  The judge responded that credits are awarded based on the calculations in the presentence report.  She reminded defendant that if he did not wish to plead for any reason, he had the right to proceed to trial, as the court was ready to go forward.  Counsel reiterated that her client had told her he wanted to take

the plea, and the judge repeated that she would award defendant credits at the time of sentence as calculated in the presentence report.

Defendant again raised the issue of jail credits the day of sentence, requesting day-for-day credits and objecting to gap time. Counsel reiterated that she and defendant had "some long conversations about his jail credit." She further stated that the presentence report calculations were correct, but that defendant nonetheless wanted to make his request to preserve the record. Defendant spoke up and asked the judge for additional jail credits, which the court declined to award. The judge gave defendant day-for-day credits from February 1, 2016, through December 8, 2016, and 259 days of gap time credit from December 9, 2016 to August 24, 2017. No direct appeal was filed.

During oral argument on the PCR petition, defendant's attorney commented that defendant was scheduled to be paroled in April 2018. Thus, although defendant sought relief by way of PCR, he did not want to withdraw his plea or proceed to trial.

In rendering her decision on defendant's petition, the judge reviewed the procedural history of the case and the applicable law. She noted that she had explained jail credits on the record at the time the plea was taken, and again when sentence was imposed. Furthermore, defendant's allegation of ineffective

4

assistance of counsel based on his attorney having coerced him into pleading was a "bald assertion" insufficient to establish a prima facie case requiring an evidentiary hearing.

Now on appeal, defendant raises the following point:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF BECAUSE [DEFENDANT] HAS MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING AS HIS ATTORNEY PRESSURED HIM INTO AND MISLED HIM ABOUT A PLEA DEAL.

We find no merit to defendant's claims. First, a sentence which is not illegal is not subject to PCR review. State v. Acevedo, 205 N.J. 40, 42 (2011). Defendant is not claiming the sentence is illegal, rather, that it was flawed. He argues that he should have been entitled to all the time he served, even before he was convicted of the burglary, on the violation of probation.

Additionally, "[i]ssues that could and should have been raised on direct appeal from defendant's conviction are barred by Rule 3:22-4(a) unless the exceptions to the rule have been established." State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010). Defendant's contentions regarding additional credits could have been raised on direct appeal, and thus he is barred on these grounds as well. See State v. Nash, 212 N.J. 518, 546 (2015).

5

A-0364-18T4

To prove ineffective assistance of counsel within the context of a guilty plea, a defendant must show "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Nothing in the record supports defendant's assertion that counsel pressured him into pleading guilty. As we said in Cummings, to establish a prima facie case requires more than a bare allegation. 321 N.J. Super. at 170. The entire absence of corroboration undercuts his contention that he has established a prima facie case. Such a case is required in order for a court to grant an evidentiary hearing. State v. Jones, 219 N.J. 298, 311 (2014). Additionally, separate from the absence of corroboration of any claimed coercion, that defendant was able to plead guilty again to the same or better sentence recommendation from the State, demonstrates his counsel's competence.[1] Defendant has also failed to establish that but for the allegedly

---

[1] It is not clear from the record if the offer was originally five years imprisonment or the same three years state prison sentence ultimately imposed.

coercive interaction with counsel, he would not have pled guilty and insisted on going to trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0364-18T4