**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0562-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDWARD J. TESSEY,

     Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided April 15, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-01-0161.

Joseph E. Krakora, Public Defender, attorney for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Edward J. Tessey, appeals from an order affirming the prosecutor's denial of his application for admission to the pretrial intervention program (PTI). Defendant was charged with operating a vehicle during a period of license suspension that had recently been imposed on his third DWI conviction. That conduct constitutes a fourth-degree crime under N.J.S.A. 2C:40-26(b). Criminal Presiding Judge Edward J. McBride convened a hearing after which he upheld the prosecutor's decision to deny PTI. Judge McBride concluded that the prosecutor had not committed a gross and patent abuse of prosecutorial discretion. We agree and affirm the denial of PTI substantially for the reasons expressed in Judge McBride's thorough oral decision.

I.

After Judge McBride denied defendant's appeal from the prosecutor's rejection, and after his motion for reconsideration, defendant pled guilty to the fourth-degree crime before another judge. Pursuant to the negotiated plea agreement, defendant was sentenced to a two-year term of probation subject to the six-month mandatory jail term prescribed by N.J.S.A. 2C:40-26(c). The court also imposed the required fines and penalties. The sentencing court ordered that the jail sentence could be served intermittently (on nights and weekends) and stayed the sentence pending this appeal.

2

We begin our analysis by acknowledging certain legal principles that govern judicial review of a prosecutor's PTI decision. Those principles were recently summarized by our Supreme Court in State v. Johnson, 238 N.J. 119 (2019). "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" Id. at 127 (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). The decision to place a defendant in PTI is entrusted to the discretion of the prosecutor. As the Court has explained:

> PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a "quintessentially prosecutorial function." As a result, the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference. A court reviewing a prosecutor's decision to deny PTI may overturn that decision only if the defendant "clearly and convincingly" establishes the decision was a "patent and gross abuse of discretion."
>
> [Id. at 128–29 (citations omitted).]

The contours of the abuse of discretion standard are well-defined, as is the heightened requirement that such an abuse of discretion be patent and gross.

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or

inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.

[Id. at 129.]

The prosecutor's exercise of discretion is guided by criteria set forth by the Legislature. If a prosecutor elects to deny a PTI application, the prosecutor must provide a statement of reasons explaining the basis for that decision in light of the enumerated PTI factors. N.J.S.A. 2C:43-12(e). That statement of reasons "must demonstrate that the prosecutor has carefully considered the facts in light of the relevant law." Wallace, 146 N.J. at 584. It is not sufficient for the prosecutor merely to "parrot[] the statutory language, and present[] bare assertions regarding [the defendant's] amenability to PTI." Roseman, 221 N.J. at 627.

A court reviewing a prosecutor's denial of PTI "cannot substitute its own judgment for that of the prosecutor." State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008); see also State v. Kraft, 265 N.J. Super. 106, 112–13 (App. Div. 1993) (observing "that 'a trial [court] does not have the authority in PTI matters to substitutes [its own] discretion for that of the prosecutor" (alterations in original) (quoting State v. Von Smith, 177 N.J. Super 203, 208 (App. Div.

4

1980))).  In <u>State v. Lee</u>, we sustained the prosecutor's rejection of the defendant's application to PTI noting that the prosecutor's analysis "sufficiently cogent and grounded in the facts and the applicable PTI standards to be upheld, even though reasonable minds might differ as to whether defendant is a suitable candidate for admission into the program."  437 N.J. Super. 555, 569 (App. Div. 2014).

### III.

In this instance, the prosecutor submitted a letter pursuant to N.J.S.A. 2C:43-12(f) that addresses the seventeen PTI factors enumerated in N.J.S.A. 2C:43-12(e).  The prosecutor's statement of reasons for denying PTI discusses all applicable factors and does not merely parrot them.  Judge McBride correctly noted, moreover, that that the prosecutor did not categorically deny PTI based on the nature of the offense.  Although the prosecutor gave significant weight to the seriousness of the offense and the risk that defendant's drunk driving conduct posed to public safety, the prosecutor also considered the relevant mitigating circumstances, including that defendant was sixty-two years old and this is his first indictable offense.  The prosecutor also acknowledged that defendant's first two DWI convictions were committed in 1988 and 1999, respectively.

5

A-0562-18T3

Although reasonable people might disagree with respect to the weight the prosecutor ascribed to the aggravating circumstances as compared to the mitigating circumstances, we decline to substitute our judgment for that of the prosecutor. The fact that defendant committed the present drunk driving offense only two months after his license was suspended for a drunk driving conviction underscores, in our view, the risk defendant's conduct posed to the public. It also shows his unwillingness or inability to comply with a court order regarding his driving behavior.

We agree with Judge McBride that, in the final analysis, the prosecutor acted within the ambit of his discretion in weighing the factors militating for and against PTI. We therefore affirm the denial of PTI.

IV.

As we have noted, the sentencing judge ordered that defendant could serve the statutorily mandated six-month jail term intermittently. In <u>Rodriguez</u>, the New Jersey Supreme Court concluded:

> [T]he language of N.J.S.A. 2C:40-26(c) manifests a legislative intent to bar intermittent sentences under N.J.S.A. 2C:43-2(b)(7). The legislative choice of very specific wording regarding the custodial sentence to be imposed under N.J.S.A. 2C:40-26(c) does not permit resort to an alternative, intermittent sentence available as a general sentencing option under N.J.S.A. 2C:43-2(b)(7).

6

[238 N.J. at 117.]

An illegal sentence is one that is either unconstitutional or not authorized by the New Jersey Code of Criminal Justice.  State v. Zuber, 227 N.J. 422, 437 (2017) (citations omitted); see also R. 3:21-10(b)(5) (permitting the correction of a sentence not authorized by the New Jersey Code of Criminal Justice).  It is well-established that an illegal sentence may be corrected at any time.  State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 1988) (citing State v. Flores, 228 N.J. Super. 586, 594 (App. Div. 1988)).  It is equally well-settled that we do not have the option to disregard an illegal sentence.  Ibid.  Accordingly, we are constrained to remand this matter to correct the stayed sentence in accordance with the dictates of Rodriguez.

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0562-18T3