# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1107-19T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

SHAWN BOVASSO,

    Defendant-Respondent.

_____

Argued telephonically August 10, 2020 –
Decided August 20, 2020

Before Judges Moynihan and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-07-0109.

Jennifer E. Kmieciak, Deputy Attorney General, argued the cause for appellant (Gurbir S. Grewal, Attorney General, attorney; Jennifer E. Kmieciak, on the briefs).

James Sanford Friedman argued the cause for respondent.

PER CURIAM

The State appeals from a November 12, 2019 sentence of defendant Shawn Bovasso to five years of probation following his guilty plea to second-degree endangering the welfare of a child, N.J.S.A. 24-4(b)(5)(a)(iii), for possessing child pornography on his computer. The State argues the offense required a period of mandatory imprisonment without parole. We agree, vacate the sentence, and remand for further proceedings.

In March 2016, New Jersey State Police detectives downloaded several videos containing child pornography from a file sharing website, which originated from an IP address linked to defendant. Detectives executed a search warrant and found several unregistered firearms, unsecured ammunition, and defendant's laptop, which contained over 2600 known files of child pornography and 2900 files of suspected child pornography depicting graphic sex acts by adult men with young children.

A grand jury indicted defendant on the following counts: second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a)(1) (count one); second-degree endangering the welfare of a child, N.J.S.A. 24-4(b)(5)(a)(iii) (count two); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(b) (count three); second-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f) (count four); and fourth-degree unlawful

A-1107-19T1

possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j) (count five). Pursuant to a negotiated plea agreement, defendant pled guilty to the second-degree endangering the welfare of a child offense. Notably, in exchange for the plea, the State offered to dismiss the other charges and recommend a sentence of five years imprisonment with two-and-a-half years of parole ineligibility.

At the initial sentencing hearing, defendant introduced evaluations by a psychologist and a psychiatrist, which concluded he suffered from a number of mental health issues and incarceration would thwart the progress he made in treatment. Defendant argued he was offense free during the three years since his arrest, and the evaluations concluded he was at low risk for reoffending. The State argued there were aggravating factors, namely, the numerous child pornography and suspected child pornography files discovered on defendant's computer. The sentencing judge deferred the sentencing in order to review the sentencing memorandum, which was not delivered to him in a timely manner.

At the second sentencing hearing, the judge heard further argument from the State and defense counsel, and defendant read a statement expressing his remorse and letters of support from his family. Reviewing the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1, the judge found aggravating

A-1107-19T1

factor one and mitigating factors one, two, three, four, six, seven, eight, nine, ten, and eleven applied. The judge concluded a custodial sentence would be a "serious injustice which overrides the need to deter such conduct by others" and sentenced defendant to five years of probation, 250 hours of community service, fines, Megan's Law registration pursuant to N.J.S.A. 2C:7-2, and required defendant continue his mental health treatments. The State immediately informed the judge it would be appealing the sentence within the ten-day mandatory stay of sentencing period pursuant to the Rules of Court.

The State raises the following points on appeal:

> POINT I – THE ILLEGAL PROBATIONARY SENTENCE SHOULD BE VACATED BECAUSE THE CRIME DEFENDANT ADMITTED TO REQUIRES A FIVE-YEAR MANDATORY MINIMUM SENTENCE (NOT RAISED BELOW).
>
> POINT II – THE MATTER SHOULD BE REMANDED TO ALLOW DEFENDANT THE OPPORTUNITY TO WITHDRAW HIS PLEA BECAUSE THE STATE'S PLEA OFFER ALSO RECOMMENDED AN ILLEGAL SENTENCE OF FIVE YEARS WITH TWO AND ONE-HALF YEARS OF PAROLE INELIGIBILITY (NOT RAISED BELOW).
>
> POINT III – DEFENDANT FAILED TO MEET HIS HEAVY BURDEN OF OVERCOMING THE PRESUMPTION OF IMPRISONMENT.

4

In its reply brief, the State also raises the following point:

> POINT I – DEFENDANT HAD NO EXPECTATION OF FINALITY IN THE UNDOUBTEDLY ILLEGAL PROBATIONARY SENTENCE, ESPECIALLY WHERE THE STATE MOVED QUICKLY IN TAKING AN APPEAL.

We review sentencing determinations under an abuse of discretion standard. State v. Grate, 220 N.J. 317, 337 (2015) (quoting State v. Lawless, 214 N.J. 594, 606 (2013)). However, a "reviewing court is not free to ignore an illegal sentence." State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 2005). "A sentence is illegal if it . . . is 'not imposed in accordance with law,' or fails to include a mandatory sentencing requirement." State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018) (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)). "A truly illegal sentence can be corrected at any time." State v. Zuber, 442 N.J. Super. 611, 617 (App. Div. 2015), rev'd on other grounds, 227 N.J. 422 (2017) (internal citations and quotations omitted).

The State argues defendant's sentence was illegal because a five-year prison sentence was mandatory. It notes its own recommendation of five years' incarceration with two-and-a-half years of parole ineligibility was also illegal and requires a remand to the trial court for reconsideration. It asserts the sentencing judge's findings on the aggravating and mitigating factors were

erroneous, and the fact the mitigating factors outweighed the aggravating did not overcome the mandatory incarceration required by the statute. Defendant argues the State did not raise the illegality issue before the sentencing judge, it cannot withdraw the plea agreement, and granting the State relief would violate double jeopardy.

Defendant's guilty plea to the second-degree endangering the welfare of a child offense mandated a prison term. Indeed, the version of N.J.S.A. 2C:24-4(b)(5)(a)(iii) in effect at the time of defendant's offense stated:

> [A] person whose offense under this subparagraph involved at least [twenty-five] or more items depicting the sexual exploitation or abuse of a child shall be sentenced to a mandatory minimum term of imprisonment, which shall be fixed at, or between, one-third and one-half of the sentence imposed by the court or five years, whichever is greater during which the defendant shall be ineligible for parole.

For these reasons, defendant's sentence was illegal. Moreover, we are not bound by the fact the State's sentencing recommendation was itself illegal and that this was not raised before the sentencing judge. As we have stated: "Since a trial court may not impose an illegal sentence . . . a prosecutor should not offer a plea bargain which may not be legally implemented . . . [and a] reviewing court is not free to ignore an illegal sentence." State v. A.T.C., 454 N.J. Super. 235, 259 (App. Div. 2018).

A-1107-19T1

Finally, we reject defendant's double jeopardy argument. N.J.S.A. 2C:44-1(f)(2) states: "[I]f the court imposes a noncustodial or probationary sentence upon conviction for a crime of the . . . second degree, such sentence shall not become final for [ten] days in order to permit the appeal of such sentence by the prosecution." The State filed this appeal within the time prescribed by the statute and the matter was stayed. See State v. Sanders, 107 N.J. 609, 616 (1987); R. 2:9-3(c).

Defendant's sentence is vacated, and the matter remanded to afford him the opportunity to withdraw his plea. State v. Kovack, 91 N.J. 476, 485 (1982).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1107-19T1