**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2450-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RISHI R. MUKHERJEE,

    Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided May 8, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 23-08-0710.

Shaun Rai Whitney Law, LLC, attorney for appellant (Shaun Rai Whitney, on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Michelle Ghali, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rishi R. Mukherjee appeals from the March 7, 2024 judgment of conviction (JOC) after pleading guilty to second-degree aggravated assault, focusing on the adequacy of the factual basis for the plea and the court's determination of aggravating and mitigating factors. We conclude the factual basis for the guilty plea was sufficient and the court did not abuse its discretion in its consideration of aggravating and mitigating factors. However, we reverse the three-year prison term imposed because the sentence was not authorized by the New Jersey Code of Criminal Justice (the Criminal Code).

On August 23, 2023, a Morris County grand jury indicted defendant, charging him with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), for attempting to cause serious bodily injury to the victim. Pursuant to a negotiated agreement, defendant pleaded guilty to the charged offense.

At the January 2, 2024 plea hearing and as reflected in the plea form, defendant confirmed he understood the information contained in the plea form, including the nature of the charges against him, the statutory maximum term of ten years, and the mandatory application of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant also confirmed he understood his rights associated with trial and was freely and voluntarily waiving those rights, and he

had sufficient opportunity to consult with counsel and was satisfied with his representation.

In exchange for defendant's guilty plea to the second-degree offense, the State agreed to recommend a sentence in the third-degree range, subject to NERA, restitution and mandatory fines and penalties.

Defense counsel conducted the following colloquy to establish the factual basis for the offense:

> Q:    . . . I'm going to direct your attention to January 3, 2023.  On that date you were in the Township of Parsippany-Troy Hills here in Morris County; correct?
>
> A:    Yes, sir.
>
> Q:    And you entered Fresh Mart; correct?
>
> A:    Yes, sir.
>
> Q:    And you assaulted one of the gas station attendants in Fresh Mart; correct?
>
> A:    Yes, sir.
>
>        . . . .
>
> Q:    And you repeatedly struck [the victim] in the face; correct?
>
> A:    Yes, sir.
>
> Q:    And this was an unprovoked attack; correct?

A-2450-23

A:     Yes, sir.

Q:     And as a result of you[r] repeatedly striking [the victim] in the face, you fractured his orbital bone; correct?

A:     Yes, sir.

Q:     And it caused significant bodily injury to his face, and he lost temporary vision of his sight in that left eye; correct?

A:     Yes, sir.

The assistant prosecutor supplemented defense counsel's colloquy with the following questions:

Q:     Mr. Mukherjee, you would agree that you continued to punch [the victim] in the face, even after he had been taken to the ground; correct?

A:     Yes, . . . ma'am.

Q:     And in that regard by continuing to punch him in the face, while he was on the ground, you agree that you attempted to cause serious bodily injury to [the victim]?

A:     Yes, ma'am.

After defendant confirmed he was pleading guilty to the charge of second-degree aggravated assault, the court accepted defendant's guilty plea.

A-2450-23

During the March 1, 2024 sentencing hearing, the court considered two character letters from members of defendant's religious community and the victim's impact statement.

Pursuant to N.J.S.A. 2C:44-1(b), defendant sought mitigating factors six (the defendant has compensated or will compensate the victim of the defendant's conduct for the damage or injury that the victim sustained), seven (the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense), eight (the defendant's conduct was the result of circumstances unlikely to recur), nine (the character and attitude of the defendant indicate that the defendant is unlikely to commit another offense), ten (the defendant is particularly likely to respond affirmatively to probationary treatment) and fourteen (the defendant was under twenty-six years of age at the time of the commission of the offense). Defendant argued for a probationary term.

Pursuant to N.J.S.A. 2C:44-1(a), the State sought aggravating factors two (the gravity and seriousness of harm inflicted on the victim) and nine (the need for deterring the defendant and others from violating the law). Consistent with the terms of the plea agreement, the State recommended the court sentence defendant in the third-degree range.

5

In imposing sentence, the court rejected the State's request for aggravating factor two. It found aggravating factors three (the risk that the defendant will commit another offense) and nine. It found mitigating factors six, seven and fourteen. After determining the aggravating and mitigating factors were in equipoise, the court found a sentence in accordance with the plea agreement was appropriate and accordingly sentenced defendant to a three-year prison term subject to NERA, along with restitution, mandatory fines and penalties.

On appeal, defendant presents the following issues for our consideration:

POINT I

THE DEFENDANT'S PLEA OF GUILTY WAS NOT MADE INTELLIGENTLY AND NOT SUPPORTED BY AN ADEQUATE FACTUAL BASIS.

    A.    The Legal Standard Required for the Court to Accept a Plea was Not Met.

    B.    The Questions Posed to The Defendant By His Attorney Did Not Elicit Responses That Support An Adequate Factual Basis For Second[-]Degree Attempted Aggravated Assault.

    C.    The Questions Posed To The Defendant By The State Did Not Elicit Responses That Support An Adequate Factual Basis For Second[-]Degree Attempted Aggravated Assault.

A-2450-23

POINT II

DEFENDANT IS ENTITLED TO REMAND BECAUSE THE SENTENCING GUIDELINES WERE VIOLATED.

A. The Court Erred By Not Addressing Each Mitigating Factor Raised By Defendant.

B. The Court Did Not Properly Ensure That The Record of Findings at Sentencing Were Based Upon Competent Credible Evidence in the Record.

We review de novo a challenge to the factual basis underpinning a guilty plea. State v. Tate, 220 N.J. 393, 404 (2015). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Ibid.

At the outset, we note defendant's argument is premised on a misinterpretation of the offense for which he was indicted and to which he pleaded guilty. As reflected in the indictment, plea form and JOC, defendant was charged with second-degree aggravated assault under N.J.S.A. 2C:12-1(b)(1), which occurs when a person "[a]ttempts to cause serious bodily injury to another, or causes injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury." Contrary to defendant's contentions, he was not charged with, nor did he plead guilty to, attempted aggravated assault.

A-2450-23

The pertinent provisions of the correlating model jury charge explain a defendant can be found guilty of aggravated assault if the State proves beyond a reasonable doubt that the defendant either caused serious bodily injury to another or attempted to cause serious bodily injury to another. Model Jury Charges (Criminal), "Aggravated Assault – Serious Bodily Injury, N.J.S.A. 2C:12-1[(b)](1)" at 1 (rev. Jan. 2012).

Under the first theory, the State must prove two elements. First, the State must prove the defendant caused serious bodily injury to another, defined as "bodily injury . . . which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Ibid. Second, the State must prove the defendant acted purposely, knowingly or recklessly. Id. at 1-2. Pertinent here, a person acts purposely "if it is [his] conscious object to cause such a result[,] . . . if [he] acts with design, with a specific intent, with a particular object or purpose, or if [he] means to do what [he] does (e.g., 'I did it on purpose')." Id. at 2.

Under the second theory, the State must only prove "the defendant[] purposely attempted to cause serious bodily injury to another." Id. at 3 (footnote omitted). If "the defendant[] attempted to cause serious bodily injury, it does not matter whether such injury actually resulted." Ibid.

8                                                                                      A-2450-23

We are satisfied the allocution established a factual basis for a guilty plea under either theory of aggravated assault. Defendant acknowledged he repeatedly struck the victim in the face, fracturing his orbital bone, which resulted in temporary loss of vision in the victim's left eye. These admissions established he committed aggravated assault by purposely causing serious bodily injury to the victim. We are unpersuaded by defendant's contention a broken orbital bone did not constitute serious bodily injury or the evidence did not support defendant's admission the victim temporarily lost vision.

Defendant also stated that, by continuing to punch the victim while he was on the ground, he attempted to cause serious bodily injury to him. This factual basis established defendant committed aggravated assault by purposely attempting to cause bodily injury to the victim. Because the plea allocution mirrored the applicable section of the model jury charges, we reject as without merit defendant's claim it failed to establish the elements of aggravated assault.

We next consider defendant's arguments regarding his sentencing hearing. Our analysis of the imposition of a criminal sentence is framed by well-settled principles. Ordinarily, we defer to the sentencing court's determination, State v. Fuentes, 217 N.J. 57, 70 (2014), and do not substitute our assessment of the aggravating and mitigating factors for that of the court, State v. Miller, 205 N.J.

9

109, 127 (2011); see also State v. Case, 220 N.J. 49, 65 (2014). Accordingly, we will not disturb a sentence unless it violated the sentencing guidelines, relied on aggravating or mitigating factors not based on competent and credible evidence in the record, or applied the guidelines in such a manner as to "make[] the sentence clearly unreasonable so as to shock the judicial conscience." State v. Miller, 237 N.J. 15, 28 (2019) (quoting Fuentes, 217 N.J. at 70). Our deference therefore "applies only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." Case, 220 N.J. at 65.

When sentencing a defendant, a court must identify and balance the aggravating and mitigating factors pursuant to N.J.S.A. 2C:44-1(a) and (b), and explain the factual basis underpinning its findings. Fuentes, 217 N.J. at 72-73. However, the court's explanation of the aggravating and mitigating factors need not "be a discourse." State v. Dunbar, 108 N.J. 80, 97 (1987), overruled in part, State v. Pierce, 188 N.J. 155 (2006). We may uphold a sentence when the "transcript makes it possible to 'readily deduce' the judge's reasoning." Miller, 205 N.J. at 129-30 (quoting State v. Bieniek, 200 N.J. 601, 609 (2010)).

Defendant contends the sentencing court erred by rejecting, without explanation, his request to find mitigating factors eight and nine. We disagree. A trial court is not required to "explicitly reject each and every mitigating factor

argued by a defendant."  Bieniek, 200 N.J. at 609.  Having reviewed the hearing transcript, we are satisfied the court addressed both these factors in its consideration of the appropriate sentence.

The court noted the unprovoked assault was precipitated by "an ongoing dispute" wherein defendant and the victim "traded insults between one another." The court characterized defendant's actions as "border[ing] on madness," "completely stupid," "absurd" and "ridiculous," emphasizing defendant was "going to lose a period of [his] life because some person in a mini mart disrespected [him]."

Addressing mitigating factor three, the court told defendant, "You're going to go through life where people are going [to] insult you at some point, call you names.  You can't assault everyone who calls you a name, or disrespects you.  That's just ridiculous."

The court further discussed mitigating factors three and nine in conjunction with aggravating factor nine:

> Now I understand [defendant]'s found religion, but just based on the nature of this offense, I think there is a serious risk.  This was not a one[-]punch incident.
>
> . . . .
>
> And with the motivation being the person disrespecting him, undoubtedly, [defendant] is going to

A-2450-23

be disrespected in the future, it's almost a given. The question is, how is he going to react the next time?

Now I would certainly hope, based on his apparent change, and the fact that he's going to be doing the State prison sentence that he's going to react and just walk away. But that remains to be seen.

So I do think there is a risk, there's . . . a need to deter this defendant and others.

Thus, we find no merit to defendant's contention that the sentencing court failed to address any mitigating factors or that the court's findings were unsupported in the record.

We next turn to defendant's newly minted argument the victim's injuries were mischaracterized or unverified during the proceedings. Defendant did not dispute the extent of the victim's injuries either during the plea allocution or at sentencing, instead raising the issue for the first time on appeal. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

Because we find no error in the court's acceptance of the guilty plea and its consideration of aggravating and mitigating factors, we would ordinarily affirm. However, we are constrained to vacate defendant's sentence because the

12

sentencing imposed violates the Criminal Code. Although neither party raised this issue on appeal, we are "not free to ignore an illegal sentence." State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 2005).

Defendant's conviction for the second-degree offense of aggravated assault, N.J.S.A. 2C:12-1(b)(1), carries an ordinary term of imprisonment between five and ten years, N.J.S.A. 2C:43-6(a)(2). However, he was sentenced to the lowest term in the three- to five-year range applicable to a third-degree offense, N.J.S.A. 2C:43-6(a)(3). The statutory authority for this discretion "is afforded, but narrowly circumscribed" in the Criminal Code. Moore, 377 N.J. Super. at 450.

N.J.S.A. 2C:44-1(f)(2) provides:

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which the defendant was convicted. If the court does impose sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, the sentence shall not become final for [ten] days in order to permit the appeal of the sentence by the prosecution.

Thus, the sentencing court must make specific findings to justify the downgrade of a sentence consistent with the "limited authority delegated" in the statute. <u>Moore</u>, 377 N.J. Super. at 450.

As we concluded in <u>Moore</u>, we discern from the record before us neither clear and convincing evidence the mitigating factors substantially outweighed the aggravating factors, nor a reason why the interest of justice demanded a downgrade of the term of imprisonment. The sentencing court made findings to the contrary, determining the aggravating and mitigating factors were in equipoise and imposing the sentence as contemplated by the plea agreement not based on a demanding interest of justice, but because it was "appropriate."

Because the sentence plainly violates N.J.S.A. 2C:44-1(f)(2), we are constrained to vacate defendant's sentence and remand the matter for resentencing. As explained to defendant during the plea hearing, if on remand the court imposes a more severe sentence than the State agreed to recommend in the plea agreement, he may withdraw his guilty plea.

Sentence vacated. Remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division