**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3575-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PEDRO A. CARLO,
a/k/a PEDRO,

    Defendant-Appellant.

_____

Submitted September 25, 2025 – Decided October 14, 2025

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 21-09-1074.

Carlos Diaz-Cobo, attorney for appellant.

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief; Sarah E. Martinho, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Pedro A. Carlo appeals from the June 12, 2024 Law Division order denying his motion to withdraw his guilty plea. Because we conclude the court did not misapply its discretion in denying the motion, we affirm the order. However, we reverse the eight-year prison term imposed because the sentence was not authorized by the New Jersey Code of Criminal Justice (the Criminal Code).

On September 18, 2020, defendant was driving on the Garden State Parkway when he struck and killed the victim, who was standing in the shoulder of the roadway by his disabled car. A responding trooper observed indicia of defendant's intoxication and, upon questioning, defendant admitted to having consumed alcoholic beverages that day. The trooper obtained a blood draw search warrant, which was performed by a hospital nurse. The resulting laboratory analysis revealed defendant's blood alcohol concentration (BAC) was approximately .25 percent at the time of the accident. A Monmouth County grand jury indicted defendant for first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and second-degree vehicular homicide, N.J.S.A. 2C:11-5(a).

Pursuant to a negotiated agreement, defendant pleaded guilty to first-degree aggravated manslaughter. During the plea hearing, and as reflected in the plea form, defendant confirmed he understood the information contained in

2

the plea forms, including the nature of the charges against him, the statutory maximum term of thirty years, and the mandatory application of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant also confirmed he understood his rights associated with trial, freely and voluntarily waived those rights, had a sufficient opportunity to consult with counsel, and was satisfied with counsel's representation. He also provided a factual basis to support his guilty plea, which the court accepted. Although the State did not agree to recommend a specific sentence, the parties and the court executed a supplemental plea form for non-negotiated pleas, wherein the court conditionally agreed to impose a seven- or eight-year term, subject to NERA.

At sentencing, the court considered approximately twenty character and commendation letters from members of defendant's family, friends, employment, and religious community; letters documenting his rehabilitative efforts; and honorable discharge from military service. The court also considered an impact statement and letters from the victim's family.

Pursuant to N.J.S.A. 2C:44-1(b), defendant sought mitigating factors seven (the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission

of the present offense) and nine (the character and attitude of the defendant indicate that the defendant is unlikely to commit another offense). Pursuant to N.J.S.A. 2C:44-1(a), the State sought aggravating factors three (the risk that the defendant will commit another offense) and nine (the need for deterring the defendant and others from violating the law). Consistent with the terms of the plea agreement, the State recommended the court sentence defendant in the second-degree range.

In imposing the sentence, the court gave "heavy weight" to aggravating factors three and nine and mitigating factor seven, and "slight weight" to mitigating factor nine. In its balancing, the court found the aggravating factors "slightly outweigh[ed]" the mitigating factors and thus, determined a sentence in accordance with the plea agreement was appropriate. Accordingly, the court sentenced defendant to an eight-year prison term subject to NERA, along with mandatory fines and penalties. A November 18, 2022 judgment of conviction memorialized the court's findings and sentence.

On October 5, 2023, defendant filed a motion to withdraw his guilty plea, alleging ineffective assistance of counsel. Defendant maintained he did not enter into his guilty plea intelligently, knowingly, or voluntarily pursuant to State v. Slater, 198 N.J. 145 (2009). Specifically, defendant argued his counsel

was ineffective by: failing to review all discovery with him and inducing him to plead guilty; failing to file a motion to suppress his statement, which he claimed violated Miranda v. Arizona, 384 U.S. 436 (1966); failing to challenge his blood draw and BAC results; and falsely promising him a five-year sentence. Defendant also contended the State would not be prejudiced by his withdrawal of the guilty plea.

In its oral decision addressing the Slater factors, further discussed below, the court found defendant had not made a colorable claim of innocence, the record belied his contentions the guilty plea was not knowing or voluntary, he pleaded guilty pursuant to a plea agreement, and the State may be prejudiced by a withdrawal of the plea. The court's denial was memorialized in the June 12, 2024 order.

On appeal, defendant presents the following point for our consideration:

> THE TRIAL COURT ERRED IN DENYING THE
> MOTION TO WITHDRAW THE GUILTY PLEA AS
> IT WAS NOT ENTERED INTO INTELLIGENTLY,
> KNOWINGLY, OR VOLUNTARILY.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. State v. Lipa, 219 N.J. 323, 332 (2014). "A trial judge's finding that a plea was voluntarily and knowingly entered is entitled to appellate deference so long as that determination is supported by sufficient credible evidence in the

5

record."  Ibid. (citing State v. McCoy, 222 N.J. Super. 626, 629 (App. Div. 1988)).  "Thus, the trial court's denial of defendant's request to withdraw [a] guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous."  State v. Simon, 161 N.J. 416, 444 (1999).

Under Rule 3:21-1, a court may only grant a defendant's post-sentence motion to withdraw a guilty plea "to correct a manifest injustice."  Slater, 198 N.J. at 156 ("[A]fter sentencing defendants must show their conviction was manifestly unjust in appealing to the court's broad discretion.").  In addition, "the burden rests on defendant, in the first instance, to present some plausible basis for [the] request, and . . . good faith in asserting a defense on the merits."  State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974)).

> [T]rial judges are to consider and balance four factors in evaluating motions to withdraw a guilty plea:  (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Slater, 198 N.J. at 157-58.]

6

Having considered defendant's reprised contentions in view of the applicable law, we discern no abuse of discretion in the court's denial of his motion to withdraw his guilty plea. We affirm the June 12, 2024 order substantially for the reasons set forth by the trial court in its comprehensive and well-reasoned oral decision. See R. 2:11-3(e)(2).

Because we find no error in the court's decision, we would ordinarily affirm. However, we are constrained to vacate defendant's sentence because the sentence imposed violates the Criminal Code. Although neither party raised this issue on appeal, we are "not free to ignore an illegal sentence." State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 2005).

Defendant's conviction for the first-degree offense of aggravated manslaughter carries an ordinary term of imprisonment between ten and thirty years. N.J.S.A. 2C:11-4(c). However, he was sentenced to a term in the five-to ten-year range applicable to a second-degree offense, N.J.S.A. 2C:43-6(a)(2). The statutory authority for this discretion "is afforded, but narrowly circumscribed" in the Criminal Code. Moore, 377 N.J. Super. at 450.

N.J.S.A. 2C:44-1(f)(2) provides:

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice

demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which the defendant was convicted.

Our Supreme Court has provided additional guideposts to be considered by a sentencing court when invoking the "limited authority delegated" in the Criminal Code:

> [T]he sentence must focus primarily on the severity of the crime and the circumstances pertaining to the offense; there must be a compelling reason for downgrade of the sentence in the interest of justice; where the legislature has provided an enhanced penalty for a particular offense, its downgrade requires even more compelling reasons; the trial court must clearly identify the relevant sentencing factors and describe how it exercised its discretion in balancing these factors; and the trial court must set forth its reasons why the interest of justice demands a downgrade.
>
> [Moore, 377 N.J. Super. 450-51 (citing State v. Megargel, 143 N.J. 484, 498-502 (1996))].

As we concluded in Moore, we discern from the record before us neither clear and convincing evidence the mitigating factors substantially outweighed the aggravating factors, nor a reason why the interest of justice demanded a downgrade of the term of imprisonment. The sentencing court made findings to the contrary, determining the aggravating factors slightly outweighed the mitigating factors, and imposed the sentence as contemplated by the plea

8

agreement not based on a demanding interest of justice, but because it was "appropriate."

Because the sentence imposed plainly violates N.J.S.A. 2C:44-1(f)(2), we are constrained to vacate defendant's sentence and remand the matter for resentencing. As noted in the supplemental plea form for non-negotiated pleas, if the court imposes a sentence in excess of seven or eight years, defendant may withdraw his guilty plea.

Affirmed as to the June 12, 2024 order. The sentence imposed in the November 18, 2022 judgment of conviction is vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

9                                                      A-3575-23